United States District Court For The Eastern District Of Alexandria, Virginia

KHALIF ABDUL QAWI MUJAHID
A/K/A KEITH E. GAFFNEY-BEY
Petitioner, Pro.se

United States Penitentiary-ADX
P.O. Box-8500
Florence, CO. 81226-8500
V.
United States of America

Comes now Petitioner, Pro.se. Khalif Abdul Qawi Mujahid, respectfully submitting the afore going Motion, and ask that this Honorable Court, issue an Order to grant this Motion For a "Certificate Of Appeal-ability", Pursuant to 28.U.S.C. § 2253 (c)(1).

Petitioner Filed a motion under 28.U.S.C. § 2244, For an order authorizing the District Court to consider a second or successive application For relief under 28

2.



U.S.C. § 2255, to the United States Court of Appeals For The Fourth Circuit, Filed: September 2, 2014, No. 14-406 (1:95-cr-00053-JCE-1).

The court denied the motion, at the direction of Judge Wilkinson, with the concurrence of Judge Motz, and Judge Wynn.

Petitioner, states in this motion 28.U.S.C. § 2253 (c)(1) that The Fourth Circuit Court of Appeals, denied my 28 U.S.C. § 2244, although i raised claims involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court (of the United States), that was previously unavailable".

Petitioner, Filed with my 28 U.S.C. § 2244 For Order Authorizing District Court To Consider Second or Successive Application For Relief Under 28 U.S.C. § 2255, a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Petitioner had Four New grounds that i raised in my

3.

motion, under Newly Discovered Evidence, with a typed written motion of statement of Facts, and Background Information, as well as exhibits, supporting the four new grounds and facts to grant my 28 U.S.C. § 2244, and 28 U.S.C. § 2255!

Petitioner, was convicted May 23, 1995, in U.S. District Court For The Eastern District of Alexandria, Virginia, on five counts of a ten count indictment for a prison case of Engaging in a Continuing Enterprise, Conspiracy, Heroin Distribution, and seven other charges. The Fourth Circuit Court of Appeals, vacated the conspiracy count on September 11th, 1996, Affirmed the other four counts, and Remanded.

Petitioner, states that there was Insufficient Evidence as a matter of law to establish "A Continuing Criminal Enterprise under 846 (B) Kingpin Statute" by me Khalif Abdul Qawi Mujahid, ever existed during the four year period according to the indictment inside the now defunct Lorton Prison, at the D.C. Department of

4.

Corrections. I submitted Newly Discovered Eviden-ce, that was withheld by the government during pre-trial, and trial, that would of resulted in an 'acquittal on all counts had that evidence been presented to my trial jury.

Petitioner, also stated in my 28.U.S.C.§ 2255 that the government violated my constitu-tional rights under the Brady law, by withholding favorable evidence that consti-tuted fraudulent concealment to withhold the exculpatory evidence of F.B.I. lab Reports, and Court ordered Pen Register Appli-cations, and other material evidence during my trial. I didn't know that any of the Newly Discovered evidence, existed during my trial, and appeal, and was recently discover-ed when i filed my 28 U.S.C. § 2244, and 28 U.S.C. § 2255.

The F.B.I. lab Reports, clearly said that my fingerprints were not on the 14-packets of drugs that investigating F.B.I. Agent, Dan Sparks, submitted to A13 F.B.I. lab; and the government told my trial jury

5.



that i gave these same 19-packets of $5-dollar bags of heroin to an inmate who F.B.I. Agent Dan Sparks, arrested for in September, 1992, and my same trial judge sentenced to 30-months for them same $95.00 dollars worth of drugs.

The government had this inmate testify that i gave him that $95.00 dollars worth of drugs minutes before he was arrested for them, although it came out during this inmate's testimony, and my own testimony that i was not in the prison when this inmate was arrested.

If the government would not have withheld these F.B.I. lab Reports, of these 19-packets of heroin that said my fingerprints was not on them, and i could of submitted them to my jury it would of resulted in an acquittal on all counts. The government told my jury during their opening statements that i ordered drugs over the telephone from 1989, until 1994, when this alleged drug conspiracy existed. Although they did not produce not one

taped telephone call from this alleged four and a half year investigation, the government withheld the court ordered Pen Register Applications, signed by my trial judge, that he approved to record the prison telephone, my families telephone, and two correctional officers telephone.

My trial judge signed these Pen Register Applications, court orders, and extensions to the first court orders in 1993, two years before i was indicted in February, 1995. Although the government told my jury that i ordered drugs over the telephone every day for four and a half years, and did not produce not one recorded telephone call, they withheld these Pen Register Applications, court orders, that had my trial jury had the privilege to see it would of resulted in an acquittal on all counts, since they acquitted me of five counts without this evidence.

Petitioner's defense attorney, Mark J. Rochon, had material evidence, and exculpatory evidence that he received from my

prison files, and the government that he withheld from me, and my jury, that was conclusive evidence that would have resulted in a direct acquittal. The government's chief witness, Walter Harris, testified that my daughter visited him on June, 16th, 1992, and gave him an ounce of heroin. During cross-exam, when my trial attorney, told this witness that my daughter was murdered December 5th, 1990, this witness tried to change his testimony, and told the court it was my other daughter who was sitting in the courtroom.

Attorney, Mark J. Rochon, had the visiting print-out for every prisoner who received a visit on June 16th, 1992, and refused to submit it to the court, and my jury, to show that the government's chief witness was lying, and giving false testimony. This Newly Discovered Evidence, that i Now have would have also convinced the jury with the F.B.I. Lab Reports, and court ordered Pen Register Applications, to acquit me on all counts, since i was acquitted on five counts without this evidence.

8.



The government violated petitioner's rights under Due Process of law and Procedures, by committing prosecutorial misconduct by knowingly producing fraudulent evidence, and knowingly making false statements to the court, and use of false testimony by numerous prison inmates, that some admitted during their testimony that they were told lies by the government, and encouraged to lie, and were coached by the government.

By the government withholding evidence at my trial, and making false statements, and producing fraudulent evidence to secure an illicit advantage, this honorable court has no other recourse but to grant this motion of certificate of Appealability.

Petitioner, clearly asserts in this motion that The Fourth Circuit Court of Appeals, ruling is debatable, because they need not deny my claims on procedural grounds. In order to satisfy § 2253 (c) "A petitioner must demonstrate that reasonable jurists would find the District

Court assessment of the constitutional claims debatable or wrong"); Slack V. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). (Holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatable valid claim of the denial of a constitutional right).

Petitioner, has made a substantial showing of a denial of a constitutional right, so pursuant to 28 U.S.C. § 2253 (1) a certificate of Appealability, may be issued. Petitioner, clearly asserts that the newly discovered evidence, mentioned in this motion, and was submitted in my 28. U.S.C. § 2244, and 28. U.S.C. § 2255 motions establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found me guilty of all ten counts, since my jury acquitted me on five counts without this newly discovered evidence. Because of a new rule of constitutional law,

10.

previously unavailable, made retroactive by the Supreme Court, to cases on collateral review. (Slack V. McDaniel, 529, U.S. 473, 484, 120 S.Ct. 1595, 146 L. Ed. 2d. 542 (2000), and Miller-El V. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L. Ed. 2d 931 (2003).

Petitioner, respectfully request permission from this Honorable Court, to be granted a Certificate of Appealability under 28 U.S.C. § 2253 (C) (1) because the Newly Discovered Evidence was unavailable to me at trial, appeal, and post motions or challenging conviction. Because if my jury would have had access to this evidence that was withheld by the government i would have been found not guilty on all charges. (See Jones V. U.S. 226 F. 3d 328, 329 (4th Cir. 2000).

I declare under penalty of perjury that the foregoing is true and correct and that this motion under 28. U.S.C. § 2253 (C) (1) was executed on March 18th, 2015.

Khalif Abdul Qawi Mujahid
Pro Se