IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KEITH EUGENE GAFFNEY,               )
                                    )
        Petitioner,                 )
                                    )
            v.                      )        1:95-CR-53 (JCC)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

**O R D E R**

This matter is before the Court on the pro se
Petitioner's Motion for a Certificate of Appealability pursuant
to 28 U.S.C. § 2253(c)(1).  [Dkt. 150.]  The Court is without
jurisdiction to consider this request, however, and for the
reasons set forth below, the Court will deny and dismiss the
motion.

On November 19, 1996, Petitioner was sentenced to life
imprisonment for his involvement in a drug distribution
conspiracy within the now-defunct Lorton Reformatory prison.
Petitioner filed his first motion to vacate his conviction and
sentence pursuant to 28 U.S.C. § 2255 on July 21, 1997.  [Dkt.
124.]  On October 14, 1997, the Court denied and dismissed the
motion, and denied a certificate of appealability.  [Dkts. 131,
132.]  Petitioner appealed this denial.  While his appeal was
still pending in the Fourth Circuit, Petitioner filed a second

1

or successive motion to vacate his sentence on January 23, 1998. [Dkt. 137.] On February 12, 1998, the Court entered an order that directed Petitioner to obtain authorization from the United States Court of Appeals for the Fourth Circuit in accordance with 28 U.S.C. § 2244 in order to file a successive petition. [Dkt. 138.] On March 26, 1998, the Fourth Circuit dismissed Petitioner's appeal and also denied a certificate of appealability.

Almost seventeen years later, it appears that Petitioner recently sought authorization from the Fourth Circuit to file a successive petition, allegedly due to newly discovered evidence and/or a new rule of constitutional law. (Mot. at 1-2.) The Fourth Circuit denied this request. (Id.) Petitioner now asks that this Court "grant[] a certificate of appealability under 28 U.S.C. § 2253(c)(1) because the newly discovered evidence was unavailable to [him] at trial, appeal, and post motions of challenging conviction [sic]." (Id. at 10.)

This Court is without jurisdiction to grant the relief Petitioner seeks. The Court denied and dismissed with prejudice Petitioner's original motion to vacate under 28 U.S.C. § 2255 on October 14, 1997. [Dkt. 132.] Accordingly, as Petitioner is aware, before he can file a second or successive petition under 28 U.S.C. § 2255, he must first get authorization from a panel of the Fourth Circuit. Petitioner has attempted to get such

2

authorization, but his request was denied.  Thus, this Court is without jurisdiction to consider the instant request.  <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007); <u>see</u> <u>also</u> 28 U.S.C. § 2255(h).

Therefore, it is hereby ORDERED that:

(1) Petitioner's Motion for a Certificate of Appealability [Dkt. 150] is DENIED;

(2) a Certificate of Appealability is DENIED;

(3) Petitioner shall have sixty (60) days from the entry of this Order to file any appeal of this ruling; and

(4) the Clerk of Court shall forward copies of this Order to all counsel of record, and Petitioner, <u>pro</u> <u>se</u>.


It is so ORDERED.


<table>
<tr><td></td><td>/s/</td></tr>
<tr><td>April 1, 2015</td><td>James C. Cacheris</td></tr>
<tr><td>Alexandria, Virginia</td><td>UNITED STATES DISTRICT COURT JUDGE</td></tr>
</table>