

United States District Court For The Eastern District Of Virginia, Alexandria Division.

KHALIF ABDUL QAWI MUJAHID, A/K/A, KEITH E. GAFFNEY-BEY, Petitioner

v.        Cr. Case No. 95-53-A

UNITED STATES OF AMERICA Respondent

MAILROOM

5

CLERK,

Petitioner, Khalif Abdul Qawi Mujahid, moves that this Honorable District Court, vacate, correct, and set aside this unlawful and erroneous sentence under Federal Rules of Civil Procedure 60 (b) (2) (6).

A central purpose of rule providing grounds for relief from a final judgment in the habeas corpus context is to correct erroneous legal judgments that, if left uncorrected, would prevent the true merits of a petit-

ioner's constitutional claims from ever being heard. Fed. Rules Civ. Proc. Rule 60 (b) (2) (6) 28 U.S.C.A... Fed. Civ. Proc.-2651.1 catch-all provision of rule providing grounds for relief from a final judgment, order, or proceeding is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to acc- omplish justice. Fed. Rules Civ. Proc. Rule 60 (b) (6), 28 U.S.C.A. (see; Reid v. Angelone, 369, F.3d 363; (4th Cir. 2004).

Petitioner, Khalif Abdul Qaui Muyahid, was indicted on February 9, 1995, on a ten (10) count indictment in The Eastern District of Alexandria, Virginia. The petitioner was indicted on Count 1,: 21 U.S.C. § 846 conspiracy to possess and distribute Heroin, and Hydromorphone. Count 2,: 21 U.S.C. § 848 (b) Engaging in a Continuing Criminal Enterprise. Count 3,: 18 U.S.C. §§ 2 and 1503 Obs- truction of Justice. Counts 4, 6, & 8:

2.

18 U.S.C. §§ 2 and 113 (c) Assault with a Dangerous Weapon. Count 5,: 18 U.S.C. §§ 2 and 113 (b) Assault with Intent to commit Robbery. Count 7,: 18 U.S.C. §§ 2 and 113 (d) Assault. Count 9,: 21 U.S.C. § 841 (a) Possession with Intent to Distribute Hydromorphone. Count 10,: 18 U.S.C. §§ 2 and 113 (a) Assault with Intent to commit Murder.

Petitioner, was residing in U.S. Penitentiary, Marion, Illinois, on February 9th, 1995, when i was indicted. The indictment reads that beginning in or about 1990, and continuing thereafter up to on or about May 17th, 1994, within The Eastern District of Virginia, petitioner, Keith Eugene Gaffney-Bey, Tony Patterson, and Glen Smith, did unlawfully, knowingly, and Intentionally combine, conspire, confederate and agree together with each other twenty two co-conspirators inside the Lorton Prison, of the D.C. Department of Corrections.

1.     The indictment reads to unlawfully,

3.

Knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of Title 21, United States Code, Section 841 (a) (1);

2. To unlawfully, knowingly and intentionally distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a schedule I, controlled substance, in violation of Title 21, United States Code, Section 841 (a) (1).

The Indictment reads; Ways, Manner and Means to Accomplish the conspiracy.

The primary purpose of the conspiracy was to make as much money as possible through the distribution of controlled substances at the Norton Reformatory Correctional Complex, in Fairfax County,

4.

Virginia, and elsewhere. The ways, manner and means by which this purpose was carried out included the following: On pages 3-thru-12, from 1 thru-33 it explains the conspiracy and Overt Acts.

Petitioner, and co-defendant, Glen Smith, went to trial on May 15th, 1995, and co-defendant, Tony Patterson, pleaded guilty to one count of conspiracy, and agreed to testify for the government. After a four day trial petitioner was found guilty on counts 1, 2, 5, 8, and 9. Co-defendant, Glen Smith, was found not guilty of his one count of conspiracy.

Petitioner, Khalif Abdul Qawi Mujahid, was sentenced to life without parole, on September 27, 1995, by Judge, James C. Cacheris, after the government modified the weight of drugs from one kilogram of heroin in the indictment to 15-to-17 kilograms of heroin for the purpose of a stiffer sentence, after producing no drugs or evidence of a drug cons-

5.

piracy during a four day trial. The Fourth Circuit Court of Appeals, vacated the conspiracy count-1, of the conviction on September 11th, 1996, 21 U.S.C. § 846 conspiracy to possess and distribute Heroin and Hydromorphone. The U.S. Fourth Circuit Court of Appeals, vacated count-1, and Remanded case back to U.S. District Court, for resentencing.

On November 19, 1996, Petitioner, Khalif Abdul Qawi Mujahid, was resentenced by The Honorable Chief Judge, James C. Cacheris, in The U.S. District Court, Alexandria, Virginia. The Court sentenced petitioner to life imprisonment on counts 2, 5, 8, and 9, a five year supervised release on counts 2, and 9, three years supervised release, on counts 5, and 8, supervised release will run concurrent with each other, and a $50.00 special assessment for a total of $200.00, life sentence is to run consecutive to D.C. Code sentence presently serving.

6.

The court found that petitioner was unable to pay a fine, cost of imprisonment, supervised release.

Argument, and Constitutional Claims.

1. Petitioner, asserts that actual innocence must be considered because of a constitutional error that resulted in my conviction. Petitioner proposes Four.

First, petitioner argues that the courts erred by not vacating the remaining counts on appeal, 2, 5, 8, and 9. Particular count 9, because count 9, says that on or about September 2, 1992, at the Medium security Facility, of the Lorton Reformatory Correctional Complex, Fairfax County, Virginia, defendant a/k/a Keith Eugene Gaffney, also known as "Fly" also known as "Slim", did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of hyromorphone, a schedule I, cont-

7.

olled substance. (In violation of Title 21, United States Code, Section 841 (a) (1), and Title 18, United States Code, Section 2.).

Petitioner, argues that during the trial government witness Tony Patterson, was caught, and arrested for possessing 19-bags of a mixture and substance containing a detectable amount of hydromorphone, a schedule I controlled substance, and two envelopes of marijuana, on September 2, 1992, at the Medium Security Facility, of the Lorton Reformatory Correctional Complex, Fairfax County, Virginia. (See: Exhibit-1)

Government witness Tony Patterson, was convicted at his 1993, trial in the U.S. District Court, and sentenced to a 30-month sentence for possessing the 19-bags, and two envelopes of marijuana, and testified that he purchased the drugs from a hispanic inmate for his own personal use. Petitioner, Khalif Abdul Qawi Mujahid, was transferred to the

8.

Maximum Security Facility, on September 2, 1992, that came out during trial testimony by petitioner, and government witness, Tony Patterson. So the court was aware that petitioner never possessed a schedule 1 controlled substance at Medium Security Facility, on September 2, 1992, because government witness Tony Patterson, testified that when he was arrested with the 14-bags of heroin mixed with hydromorphone, and two envelopes of marijuana, that petitioner was already transferred to The Maximum Security Facility.

Petitioner, argues that count 9: 21 U.S.C. § 841 possession with intent to distribute hydromorphone should have been dismissed and vacated, just as count 1, was vacated in The Fourth Circuit Court of Appeals, on the 21 U.S.C. § 846 conspiracy to possess with intent to distribute heroin and hydromorphone.

Petitioner, was never arrested for any

9.

drugs during this entire alleged four and a half years conspiracy. This enacts the double jeopardy clause to indict me, and try me for count 9, and the trial judge already knew Tony Patterson, was tried, and convicted, and sentenced to a 30-month sentence in 1993, by the same District Court!

The court knowingly allowed the government to enact the double jeopardy clause to indict, and try petitioner for count 9, knowing that it was a fraudulent count, and Tony Patterson, was already convicted for the same offense two years before petitioner was tried. This enacts the Fifth Amendment violation under The Double Jeopardy Clause.

Here the district court could have determined that the petitioner's sentence was unlawful because of some legal defects with count 9, and vacated petitioner's sentence with discretion. SEE: U.S. v. Taylor, 171, F.3d 185 (4th Cir. 1999).

10.

Petitioner, contends that because of this indictment for conspiracy, and CCE, it was a fraudulent indictment with counts that were fraud, and made up, and the court and government modified some counts after trial, and during jury instructions the court demonstrated clear error. SEE: U.S. V. Cherry, 720, F.3d 161, (4th Cir. 2013).

An appellate court has jurisdiction over a district court order of judgment and conviction pursuant to 18 U.S.C.S. § 3742 (a) and 28 U.S.C.S. § 1291, and it has jurisdiction to review a defendant's sentence pursuant to 28 U.S.C.S. § 3742 (a) SEE: U.S. V. Alhamdi, 356, F.3d 564, (4th Cir. 2003).

Petitioner, contends that it was illegal, and unlawful resentencing errors by the district court by not vacating the modified counts at resentencing, although the appellate court affirmed the remaining counts on appeal. (SEE: Exhibit 2).

11.

Petitioner, argues that it was unlawful and unconstitutional for the trial judge to allow the government to modify counts of the indictment during the jury instructions or any time after the trial had already started. This is a Fifth Amendment constitutional violation; see: U.S. v. Ginyard, 374, U.S. App. D.C., 174, 511, F.3d. 203, (D.C.C.A. 2008).

Herein, petitioner argues that during the jury instructions the court allowed the government to modify count 2; 21 U.S.C. § 848 (b) engaging in a continuing criminal enterprise with quanity, and weight, name of substance and income that is required for the fact finders to bring forth a verdict. The government also changed the quanity of weight that was in the indictment to probation officer Sandra Ashe, and coached her through correspondence what to write for an amount in her PSR that was challenged at my September 27, 1995 sentencing, and again at the November 11, 1996,

12.

resentencing in District Court. (see: Exhibit-3). This is a Sixth Amendment violation by the district court to allow the government to attribute drug weights to petitioner that was never proven or shown to the jury, and the government told the jury, and the court during their opening statements that they didn't have any drugs in this case. This is plain error, because the district court not only allowed the government to modify the counts during jury instructions, and extrapolate the weight for a mandatory sentence under maximum guidelines. See: Hickman v. U.S. 626 F.3d, 756, (4th Cir. 2010).

The district court committed plain error by making drug quantity findings that increased petitioner's sentence, and the only alleged drugs that was presented at trial was the 14-bags of mixed heroin and hydromorphone that government witness Tony Patterson, was convicted for in this district court in 1993. See: U.S. v. Hadden, 475 F.3d 652; 2007

13.

U.S. App. (4th Cir. 2007). Just as in U.S. v. Hadden, 475 F.3d 652; 2007 U.S. App. (4th Cir. 2007), petitioner asserts that my (PSR) held me accountable for 10 to 17 kilograms of heroin during this alleged four and a half year conspiracy in the Lorton Reformatory. This results in a base offense level of 36, USSG section 2DI.I (3).

Petitioner Filed objections to the PSR arguing that the drug weights attributable to me was not mentioned in the indictment, and the PSR also recommended a two-level upward adjustment for obstruction of justice for a total offense level of 44, V.

Petitioner contends that because the district court allowed the government to adjust the offense level, and my PSR it was improper and plain error. Under plain error review, the petitioner must show that (1) the district court committed error, (2) the error was plain,

14.

and (3) the error affected my substantial rights. Petitioner, argues that the district court violated my Sixth Amendment rights at sentencing by attributing drug weights to me that were neither admitted by me, nor found by my jury. The government's U.S. Attorney, Thomas Hollenhorst, said in his opening statement on page-42, in trial transcript that there were no drugs to be seen at this trial to the court, and the jury. See: U.S. v. Baker, 985 F.2d 1248 (1993) C.A.S.C. 513 U.S. 1009 L.30, L.Ed.2d 289. Criminal Law & Procedure = Standards of Review = Plain Error = Indictments.

The failure to charge drug quanity in the indictment and to submit the quanity issue to the jury constitutes plain error and affects a defendant's substantial rights when the sentence for distributing a controlled substance exceeds the twenty year statutory maximum set forth in 21, U.S.C.S. section 841 (b)(1)(c). The failure to charge quantity in the indictment also

15.

seriously affects the fairness, integrity or public reputation of judicial proceedings. Thus, the failure to charge drug quantity in the indictment constitutes reversible plain error whenever the district court imposes a sentence in excess of 21 U.S.C.S. Section 841 (b) (1) (C) twenty-year maximum.

Petitioner, argues that this is exactly what the government, and the court did in my case by imposing a sentence of life without parole. See: U.S. v. Cargill, (4th Cir. 1998). After the district court added allegations and necessary proofs to convict me in count 2: 21 U.S.C. 848 (b) and changed the statutory language lettering in counts 5, and 8, both 18 U.S.C. 2, and 18 U.S.C. 113 (c). The readings of the indictment and jury instructions are based upon the trial judge's own personal knowledge of matter, external to the trial.

It was discovered during the trial, and after the trial that Judge, James C. Cacheris, was

16.

part of initial investigation in petitioner's case two years before i was indicted and tried before him. Chief Judge, James C. Cacheris, signed the applications for pen registers to wiretap petitioner's mother telephone, the prison telephone that petitioner used every day, sister's telephone, and co-conspirators telephones in 1993.

Judge, James C. Cacheris, also gave plea bargains to several inmate government witnesses, and other witnesses who had their own criminal cases that agreed to testify against me after getting me indicted, and promised sentence reductions if i was convicted by the government, and Judge Cacheris. This is a Fifth Amendment violation for the trial judge to interject his own observation on facts which were neither in the records or indictment nor derived therefrom is unconstitutional conduct. Habeas Corpus-Fifth Amendment. jurisdictional-indictment cannot be changed without resubmission to grand jury-trial on changed indictment, void.

17.

Upon an indictment so changed the court can proceed no Further. There is nothing (in the language) of the constitution, which the prisoner can "be held to answer." A trial on such indictment is void. There is nothing to try.

According to principles long settled in this court, the prisoner, who stands sentenced to the penitentiary on such trial, is entitled to his discharge by writ of habeas corpus. SEE: 30 LED 849, 121 US 1 Ex-Parte Bain. March 28, 1887. Headnotes classified to U.S. Supreme Court Digest, Lawyer's Edition.

Second. (2). Petitioner, argues that Count 2: 21 U.S.C. § 848 (b) CCE, should of been vacated with the conspiracy conviction on Count 1: 21 U.S.C. § 846 conspiracy to possess and Distribute Heroin and Hydromorphone. The Conspiracy Count, described "Ways, Manner, and Means to Accomplish the Conspiracy" on pages 2 to 6, with twenty two unindicted co-conspirators, but

18.

Not as defendants, 1 thru-17. The overt facts start on page-6, to 12, numbered 1 thru-33, but nowhere in the indict-ment does it says someone worked for me, or sold drugs for me. Criminal Law § 7 - included offenses-conspiracy-continuing criminal enterprise.

With respect to the offense of conduct-ing a criminal continuing enterprise (CCE) in violation of 21 U.S.C. § 848 (b) the "in concert" element of the CCE offense-under which a person is engaged in a CCE if the person undertakes a continuing series of violations in concert with five or more other persons with respect to whom the person occupies a position of organizer, a supervisory position, or any other position of management- requires proof of a conspiracy that would also violate 21 U.S.C. § 846; conspiracy as defined in § 846, Count 9: in the indictm-ent, and Count 1: does not define a diff-erent offense from the CCE offense, as § 846 does not require proof of any

19.

Fact that is not also a part of the CCE offense; a § 846 conspiracy is a lesser included offense of the CCE offense, because (1) the CCE offense is the more serious of the two (2) only one of the CCE offense's elements is necessary to prove a § conspiracy, and (3) a guilty verdict on a CCE offense charge necessarily includes a finding that the defendant also participated in a § 846 conspiracy. See: Rutledge v. U.S. 517 U.S. 292, 134 L. Ed 2d 419, 116 S.Ct. 1241 (1996). Also See: Ball v. U.S., 470 U.S. 856, 861-863, 84 L. Ed 2d 740, 105 S.Ct. 1668. (See: Exhibit-4).

Count 1: alleged that during the period between 1990 to May 17, 1994, petitioner violated 21: U.S.C. § 846 by conspiring with two co-defendants, and twenty two unindicted co-conspirators while incarcerated in The Lorton Reformatory, in Fairfax, Virginia.

On Count 2: 21 U.S.C. § 848 CCE, in petitioner's indictment it alleged that i intentionally engaged in a continuing

20.

criminal enterprise, and that i did unlaw-
fully, knowingly, and intentionally violate
Title 21, U.S.C. § 841 (a) (1) and 846,
which violations were part of a con-
tinuing series of violations of the
Comprehensive Drug Abuse Control Act
of 1970, Title 21, U.S.C. § 801.

Petitioner, contends that the indictment,
and the government never proved or showed
that five (5) other persons were super-
vised by me, and substantial income was
made from this alleged CCE. The govern-
ment had No money from this alleged
CCE, and only mentioned $225.00 that
was supposedly given to a visitor that
didn't show up To testify that she
received this alleged money. The govern-
ment purposely withheld, and did not
show the jury or the defense, their
F.B.I. lab Reports that said my fing-
erprints were not on the $225.00
that they alleged i gave a visitor. (see:
exhibit-5). In this case it is perfect-
ly clear that the CCE offense requires

21.

proof of a number of elements that need not be established in a conspiracy case. See: Jeffers v. U.S. 432 U.S. 137, 53 L Ed 2d 168, 97 S.ct. 2207 (1997).

Petitioner, has been incarcerated for 44. years, and my last 23-years has been because of this erroneous conviction for an alleged CCE inside a prison with no proof of evidence of drugs, and money at trial. The unindicted co-conspirators, seventeen were inmates, and two (2) were former correctional officers, that were arrested by F.B.I. Agent Daniel Sparks, in separate drug stings set up by him. Also seven (7) of these inmates had their own criminal cases after being charged by F.B.I. Agent Daniel Sparks, who offered them plea bargains, to cooperate with him, and testify against me, and any future cases. This is the same F.B.I. Agent who arrested Tony Patterson, in September 2, 1992, for possession of the 14-bags of heroin mixed with hydromorphone, and two

22.

envelopes of marijuana, and convicted him for. None of the three civilian unindicted co-conspirators Monica Jenkins, Linda Washington, and Patrice Oden, testified at trial about this alleged conspiracy, and CCE.

There were no five (5) government witnesses that testified that they worked for me and received an income from selling drugs. Although several inmates gave mixed testimony, and were caught in lies about this make-believe alleged CCE, and conspiracy. This Honorable court, has no other recourse but to vacate, and set aside this erroneous conviction. See: Wolfe v. Clark, 718, F.3d 277 (4th Cir. 2013)

Third (3), Petitioner, argues Newly Discovered Evidence, the government withheld these two (2) F.B.I. laboratory reports submitted to DEA laboratory # W2449, and # W2780, by F.B.I. Agent, Daniel Sparks, with the envelope of the 14-wrappers of heroin mixed with hydromorphone taken off of

23.

Tony Patterson, on 9-02-92, see: (exhibit-1) and another envelope with 7-wrappers, see: (exhibits #1-A, and #1-B) that was submitted for latent fingerprints. This laboratory report is dated 11-10-92, F.B.I. File No. 7C D-WF-181107 latent case No. D-7337. To: SAC.WMFO. see: (exhibit #6).

The second F.B.I. laboratory report dated 02-23-93, same F.B.I. File No. and case No. submitted by F.B.I. Agent, Daniel Sparks. The report says the latent fingerprints are not of petitioner, F.B.I. # 72141 CH. This substantiates Tony Patterson's plea agreement in 1443, when he testified that he bought the 14-wrappers of heroin from an hispanic inmate the day he was arrested with them on September 2, 1442, and received a 30-month sentence in 1443, in this District Court.

Petitioner, is also submitting two F.B.I. laboratory fingerprint request by F.B.I. Agent, Daniel Sparks, dated 12-04-93, about

24.

the $225.00 allegedly taken off of petit-
ioner's visitor on 12-5-93. See:(exhibit-5).
The report dated 01-06-94, from F.B.I.
laboratory, saying no latent prints of
value were detected. These F.B.I. labor-
atory reports should of been given to
petitioner before trial to prove my act-
ual innocence of this fraudulent CCE, and
conspiracy.

Petitioner is also submitting three (3)
Applications for an order authorizing
the use of a pen register including
a caller-identification feature, signed
by Chief Judge, James C. Cacheris, in 1993.
Petitioner, did not have these Applications
for trial to prove actual innocence of
this fraudulent CCE, and conspiracy. See:
(exhibits-7, 8-A, & 9-B).

On April 3, 1993, Assistant United States
Attorney, Laura A. Pellatiro, and United
States Attorney, Cathleen Tuffy, sent a-
nother application for authorization to
extend the use of a pen register in-

25.

cluding caller-identification to petitioner's mother's telephones. The Order extending the application was signed by Judge, James C. Cacheris, on April 28, 1993, two years before i was indicted and tried in his court.

U.S. Attorney, Thomas Hollenhorst, told the jury, and the court in his opening statements that petitioner ordered drugs on the prison telephone every day during this alleged four and a half year conspiracy. Petitioner, did not know at trial that the government had an order authorizing the installation and use of a pen register, including a caller identification feature to the prison telephone, which petitioner used every day. This would of proved my actual innocence, because the government did not produce one telephone call of me ordering drugs in this fraudulent CCE and conspiracy. See: (Exhibits- 10 & 10-A).

However, the government did use a pen register, including a caller-identification

26.

feature on government witness Ronald Thompson, home telephone, and F.B.I. Agent Daniel Sparks, arranged for an inmate informer to call Ronald Thompson, to pick up an ounce of crack cocaine and bring to him. F.B.I. Agent Daniel Sparks, and U.S. Attorney Thomas Hollenhorst, offered Ronald Thompson, a plea agreement and sentence reduction if he would lie on petitioner and help get me convicted. See: (Exhibit-11).

Petitioner, asserts that conviction must be vacated because of these exhibits of Newly Discovered Evidence, that petitioner did not have at trial, and direct appeal, and first 28 U.S.C.S. § 2255 motion. While the United States Supreme Court rejects the argument that habeas petitioners who assert convincing actual-innocence claims must prove diligence to cross a Federal court's threshold, it is error for a court to eliminate timing as a factor relevant in evaluating the reliability of a petitioner's

27.

proof of innocence. To invoke the mis-carriage of justice exception to the Anti-terrorism and effective Death penalty Act of 1996's, 110 Stat. 1214, statute of limitations, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. Unexplained delay in presenting new evidence bears on the determination whether a petitioner has made the requisite showing. See: McQuiggin, v. Perkins, 133 S.Ct. 1924; 185 L.Ed. 2d 1019; (May 28, 2013).

Petitioner, argues that because the government alleged that petitioner gave government witness Tony Patterson, the 14-bags of heroin mixed with hydromorphone on September 2, 1992, and withheld these F.B.I. laboratory reports that said petitioner's fingerprints was not on the 14-wrappers, as well as not on the $225.00 that the government said i gave Patrice Oden, on December 5, 1993.

28.

Petitioner, asserts that a petitioner whose first federal habeas petition has already been adjudicated when new evidence comes to light may file a second-or-successive petition when, and only when, the facts underlying the new claim would "establish by clear and convincing evidence that, 'but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense."

This case should concern the "actual innocence" gateway to federal habeas review applied in Schlup v. Dello, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed. 2d 808 (1995), and further explained in House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed. 2d 1 (2006). In those cases, a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect

29.

& mistakes > General Overview.

In the context of a petition for habeas corpus, district courts must treat motions to reconsider under Fed. R. Civ. Proc. 60(b) as successive collateral review applications when failing to do so would allow an applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. A district court has no discretion to rule on a motion under Fed. R. Civ. Proc. 60(b) that is functionally equivalent to a successive application. This does not require that all motions under Fed. R. Civ. Proc. 60(b) be treated as successive applications; instead, the proper treatment of the motion depends on the nature of the claims presented.

Civil Procedure > Judgments > Relief from Judgment > Excusable Neglect & Mistakes >

30.

General Overview.

In determining whether a motion to re-consider a habeas petition under Fed. R. Civ. Proc. 60(b) is actually a successive petition, there may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking a prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collate-ral review process will generally be deemed a proper motion to reconsider.

Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtu-ally always implicate the rules govern-ing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Fed. R. Civ. Proc. 60(b) but

31.

is instead continuing his collateral attack on his conviction or sentence. Fed. R. Civ. Proc. 60(b) does not authorize a motion merely for reconsideration of a legal issue. By contrast, an example of a proper claim under Fed. R. Civ. Proc. 60 (b) is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. See: U.S. v. Winestock, Jr., 340 F.3d 200; 2003 U.S. App. (4th Cir. April 25, 2003).

Rule 60 (b) allows a party to obtain relief from a final judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been sat-

32.

is Filed, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6.) any other reason justifying relief from the operation of the judgment.

This rule codifies inherent judicial powers that were previously exercised through a gaggle of common-law-writs, which the rule abolishes. See: U.S. v. Beggerly, 524 U.S. 38, 43-45, 141 L.Ed 2d 32, 118 S.Ct. 1862 (1998); See: U.S. v. McRae, U.S.C.A. 743 F.3d 392; 2015 U.S. App. (4th Cir. 2015).

Fourth (4th) Petitioner, contends that this conviction must be corrected, and vacated, and sentenced to Time-served, in view of the Facts expressed herein, and any other Facts that may become known to this Honorable Court, in reference to motion to vacate this sentence and set aside the judgment,

33.

petitioner respectfully moves this Honorable Court, to issue an order vacating the sentence imposed, and setting aside the judgment entered therein.

Petitioner, Further moves in accordance with the provisions of Fed. R. Civ. Proc. 60 (b) that rule does not limit power of Federal District Court, to set aside judgment for "Fraud upon the Court."

This case presents a novel set of facts concerning the scope of this manufactured CCE case, and the fraudulent amount of drugs the government attributed to petitioner. Because of this illegal conviction, and my constitutional claims expressed herein, and the fraudulent indictment, and because the jury was coerced into declaring guilt on a ground different from proof specific to the offense charged.

Petitioner's Writ of Certiorari was denied in Supreme Court, December 12, 2016 (Exhibit-12)

34.

## Conclusion

Petitioner, request counsel to represent me in this matter or any other relief this court deems appropriate to make a more factual and legal determination regarding the issues raised herein.

Respectfully Submitted,

Khalif Abdul Qawi Mujahid
# 19979-101
Petitioner, Pro Se
Khalif Abdul Qawi Mujahid
A/K/A Keith E. Gaffney-Bey

35.

CERTIFICATE OF SERVICE

I, KHALIF ABDUL QAWI MUJAHID
REG, NO.# 19979-101, hereby declare
under penalty and oath of perjury,
that the facts stated herein are true
and correct.

Respectfully Submitted,

Khalif Abdul Qawi Mujahid
#19979-101
Petitioner, Pro se
Khalif Abdul Qawi Mujahid
A/K/A Keith E. Gaffney-Bey

Date: 12/4/17

U.S. Penitentiary-ADX
P.O. Box-8500
Florence, CO. 81226-8500

A True Copy is enclosed to be
Distributed to the U.S. Attorney's office.

36.

# TABLE OF CONTENTS

1. Vacate, and set aside, sentence
2. Illegal and unlawful Resentencing Errors
3. District court erred by modifying Indictment, After Trial & Jury Instructions
4. Newly Discovered Evidence

# TABLE OF Authorities OF CASES

1. U.S. v. Taylor, 171, F.3d. 185 (4th Cir. 1999)
2. U.S. v. Cherry, 720, F.3d 161, (4th Cir. 2013)
3. U.S. v. Ginyard, 374, U.S. App. D.C., 174, 511, F.3d, 203 (D.C.C.A. 2008)
4. U.S. v. Alhamdi, 356, F.3d 564, (4th Cir. 2003)
5. Hickman v. U.S. 626, F.3d 756 (4th Cir. 2010)
6. U.S. v. Hadden, 475 F.3d, 1052, (4th Cir. 2007)
7. U.S. v. Baker, 985, F.2d, 1248, C.A.S.C. (1993)
8. U.S. v. Cargill, (4th Cir. 1998)
9. 30 L Ed 849, 121 U61 ex parte Bain, S.Ct. (1887)
10. Rutledge v. U.S. 517, U.S. 292, 134 L.Ed 2d. 419, 116 S.Ct. 1241 (1996)
11. Ball v. U.S. 470 U.S. 856, 861-865, 84 L.Ed 2d 740, 105 S.Ct. 1668
12. Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004)

EXHIBITS TO SUPPORT FED. R. CIV. PROC.
60 (b) (2) (6)

1. Criminal Complaint on Tony Patterson, Case No# 92-1559
2. Pages 4 & 5 of Jury Instructions
3. Count-2, of Indictment CCE
4. Pages-105 & 106 of Jury Instructions
5. F.B.I. Lab Reports, Dated: 12-9-93, & 1-6-94
6. F.B.I. Lab Reports, Dated: 11-10-92 & 2-23-93
7. Application For Pen Register R-92-310
8. Application To Extend Pen Register R-92-310
9. Order Extending Pen Register
10. Application For Prison Telephone, and Order Extending Pen Register
11. Order For Pen Register To Witness Phone
12. Supreme Court denied petition For Writ of Certiorari, December 12, 2016.

Khalif Abdul Qawi Mujahid
# 19979-101
Petitioner, Pro Se
Khalif Abdul Qawi Mujahid
A/K/A Keith E. Gaffney-Bey

AO 91 (Rev. 5/85) Criminal Complaint ⊕

# United States District Court

## EASTERN

_____ DISTRICT OF _____

UNITED STATES OF AMERICA
V.

Tony Patterson, DCDC No: 241-570

### CRIMINAL COMPLAINT

CASE NUMBER: 92-1559M

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my

knowledge and belief. On or about _____ September 2, 1992 _____ in _____ Fairfax _____ county, in the

_____ Eastern _____ District of _____ Virginia _____ defendant(s) did, (Track Statutory Language of Offense)

intentionally, unlawfully and willfully combine, conspire, confederate, and agree to distribute 19 individual
envelopes of hydromorphone, and 2 envelopes of marijuana, a Schedule I narcotic controlled substance.

in violation of Title _____ 21 _____ United States Code, Section(s) _____ §841 _____

I further state that I am a(n) _____ Daniel C. Sparks _____ and that this complaint is based on the following
Official Title

facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☐ Yes    ☐ No

Signature of Complainant

Daniel C. Sparks, Special Agent
FBI

Sworn to before me and subscribed in my presence,

December 23, 1992                            Alexandria, Virginia
_____        at    _____
Date                                         City and State

W. CURTIS SEWELL

## AFFIDAVIT

1.    The affiant, Daniel C. Sparks, is a Special Agent of the Federal Bureau of Investigation (FBI). Your affiant is currently assigned to the Washington Metropolitan Field Office (WMFO).

2.    On September 2, 1992, acting on information from numerous confidential sources, the District of Columbia Department of Corrections (DCDC) Emergency Response Team (ERT) conducted a raid of suspected inmate drug dealers at the Medium Security Facility, Lorton Reformatory, Lorton, Virginia. Inmate Tony Patterson DCDC number 241-570, Date of Birth 10/15/65, was located, searched and found to be in possession of 19 individual packets of hydromorphone and two medicine envelopes containing marijuana.

3.    Jarvis McNeal a member of the DCDC ERT and Sergeant James Martin conducted a strip search of inmate Patterson in the Unit Four Conference Room. The 19 individual packets of a white powdery substance was found in Patterson's pants pocket. One medicine envelope containing a green leafy substance was found in Patterson's pants pocket, and one envelope containing a green leafy substance was found in Patterson's shoe.

4.    The drug evidence was bagged, tagged and deposited in the evidence safe for safekeeping.

5.    Sergeant Earle Webster, Security Officer, Medium Security Facility  conducted a field test on two of the 19 individual packets which tested positive for controlled substance. Sergeant Webster turned the drug evidence over to Special Agent Daniel C. Sparks on September 3, 1992.

6.    On September 9, 1992, Special Agent Sparks had the drug evidence analyzed by the Drug Enforcement Administration (DEA) Mid-Atlantic Laboratory, Washington, D.C. The DEA lab determined that the seventeen individual packets contained Hydromorphone at 9.2% strength. The seventeen packets had a net weight of .0286 grams. The green leafy substance was determined to be marijuana. One of the medecine envelopes containing marijuana weighed .154g and the other weighed 3.339g.

7.    The Medium Security Facility, Lorton Reformatory, is located in the Eastern District of Virginia and is within the Special Maritime and Territorial Jurisdiction of the United States.

8.    The above information is based on D.C. Department of Corrections and DEA reports supplied to me and conversations with Sergeant Earle Webster.

9.    Based on this information, your affiant believes probable cause exists to arrest and charge inmate Tony Patterson DCDC# 241-570, currently incarcerated at the Maximum Security Facility, with violating Title 21, United States Code, Section 841.

10.   I state, under the penalty of perjury, that the facts stated herein are true and correct.

_____
Daniel C. Sparks
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed to before me this 23rd day of December

_____
United States Magistrate Judge

UNITED STATES MARSHALS SERVICE
# DETAINER
(See USMM 622.04)

UNITED STATES MARSHAL

E /VA

ALEXANDRIA DVN.

TO: D.C. DEPARTMENT OF CORRECTIONS   DATE: 12/23/92
LORTON REFORMATORY            SUBJECT:
MAXIMUM FACILITY                    PATTERSON, TONY
                                    DC DC # 241-570
CONSPIRACY TO DIST. MARIJUANA    CASE # 92-1559

Please accept this Detainer against the above-named subject who is currently in your custody.

When the subject is to be released from your custody, please notify this office at once so that we may assume custody if necessary. If subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at time of transfer and advise this office.

The notice requirements of the Speedy Trial Act of 1974 (P.L. 93-619) apply if the Detainer is based on pending Federal criminal charges which have not yet been tried. The notice requirement provisions do not apply to Detainers lodged for charges which have already been tried or for which no trial is required, such as parole revocation Detainers or sentencing Detainers. Further, the notice requirement provisions would not apply to Detainers lodged against prisoners who have not yet been sentenced at the time the Detainer is lodged. If there is an "X" mark in the following space, the notice requirements of the Speedy Trial Act apply and you are requested to give a copy of the Detainer to the prisoner and to complete the attached Form USM-17, NOTIFICATION REQUIREMENTS—SPEEDY TRIAL ACT, in duplicate, and return both copies of the Form USM-17 to this office with receipted copies 2 and 3 of this Detainer. ☐

Special instructions also apply when the Detainer is based on a warrant issued by the U.S. Parole Commission. If there is an "X" mark in the following space, please follow the instructions on the reverse of this form, acknowledge receipt on copies 2 and 3 of this Detainer and return them to this office in the enclosed self-addressed envelope. ☐

If there are no "X" marks in the above blocks, no further action is required except you are requested to give a copy of the Detainer to the Prisoner and to acknowledge receipt of this Detainer on copies 2 and 3 and return them to this office in the enclosed self-addressed envelope.

Very truly yours,

Roger Ray

United States Marshal

| RECEIPT |
|---|
| Date: 12-23-92 |
| Signed: M.L. Perkins |
| Title: Dir. Examiner |

(703)274-2820 /B Connolly, DUSM

1 · INSTITUTION

# DETAINER

FORMERLY LAA-121 FORM USM 16
(Rev. 1/23/77)
PRIOR EDITIONS ARE OBSOLETE
AND NOT TO BE USED

instruction Number 3 on the grounds that it's --

MR. ROCHON: Just timing --

THE COURT: -- timing of it. It's a correct instruction supported by case law, and I understand your point, okay. They faxed it to you Friday?

MR. ROCHON: I guess they did. It didn't come through on my fax Friday or Saturday.

MR. WILLIAMS: Yes.

THE COURT: I will grant it. Note your objection to that, Defendant Gaffney.

All right, as to number 21?

MR. ROCHON: Your Honor, 21, 35 and 39 are all -- the United States is striking language that's in the indictment from these proposed jury instructions. My concern here is the Court read in essence the indictment to the jury at the beginning of the trial, and this effort to strike surplusage might have been an appropriate thing to go before the trial started, but once it's started, the indictment has been read to the jury, I think it's too late for them to start modifying the indictment.

THE COURT: You want the indictment to go back with all the allegations? I send it back. It's my practice to send the indictment back.

MR. ROCHON: You have been telling the jury during the trial that you would send the indictment back. I

assumed you were going to do so.  Then these instructions don't track it.

THE COURT:  I assume if they modify the indictment, does that cure your problem?

MR. ROCHON:  No.  I think that you shouldn't modify the indictment or the instructions once the trial starts and it's been read to the jury.  If they thought there was surplusage that couldn't be proven, then that motion should have been made before the trial.

THE COURT:  Okay.

MR. ROCHON:  I would point out in one instance the United States --

THE COURT:  How about number 40, which is the statute involved.

MR. ROBINSON:  I have no objection to 40.

THE COURT:  Let me make that substitute.

MR. ROCHON:  And I don't object to 41.

THE COURT:  Doesn't affect Mr. Smith.  Let me just get to number 40, and I'll make that switch.  Any difference.

MR. ROCHON:  They have modified it now.

THE COURT:  113(e), okay.  I'm giving page 40 and 41.  There's no objection to the elements.

MR. ROCHON:  Correct.

THE COURT:  40 and 41.

COUNT 2

THE GRAND JURY FURTHER CHARGES THAT:

Beginning in or about 1990, and continuing thereafter up to on or about May 17, 1994, within the Eastern District of Virginia and elsewhere, defendant KEITH EUGENE GAFFNEY, also known as "Fly," also known as "Slim," did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise, in that he did unlawfully, knowingly and intentionally violate Title 21, United States Code, Sections 841(a)(1) and 846, which violations were part of a continuing series of violations of the Comprehensive Drug Abuse Control Act of 1970, Title 21, United States Code, Sections 801, et seq., undertaken by him in concert with at least five other persons with respect to whom he occupied a position of organizer, supervisor and manager, and from which such continuing series of violations he obtained substantial income and resources.

(In violation of Title 21, United States Code, Section 848(b))

- 13 -

operating a continuing criminal enterprise as charged in Count Two of the indictment, the government must prove beyond a reasonable doubt the following five essential elements:

One: The defendant committed a felony violation of the federal narcotics laws;

Two: Such violation was part of a continuing series of related violations of the federal narcotics laws;

Three: The continuing series of violations was undertaken by the defendant in association or concert with five or more other persons; and

Four: The defendant, Keith Eugene Gaffney, was an organizer of these five or more persons or occupied a management or supervisory position with respect to these five or more other persons; and

Five: The defendant, Keith Eugene Gaffney, obtained substantial income or resources from the continuing series of narcotics violations.

The phrase felony violation of the "federal narcotics laws" as used in these instructions means the commission of any act specifically prohibited by certain sections of the United States code for which a defendant could be imprisoned for more than one year.

The possession with intent to distribute or

distribution of heroin or hydromorphone in violation of 21 U.S.C. 841(a)(1) are "felony violations of the narcotics laws."

The phrase "a continuing series of violations" means three or more violations of the federal narcotics laws which are in some way related to one another.

The phrase "in concert with five or more other persons" means some type of agreement or joint action, whether direct or indirect, with at least five other persons who were involved in the continuing series of narcotic violations.

The phrase "in concert with five or more other persons" does not require proof from the government that the "five or more other persons" actually had contact with each other, and knew each other, or committed each violation together, or operated together continuously at the same time. The government is not required to prove the defendant managed, supervised, or organized these five or more persons at the same time.

The government must prove beyond a reasonable doubt, however, that the defendant and at least "five or more other persons" were part of an agreement or joint action to commit the continuing series of violations of the federal narcotics laws as alleged in Count Two of the indictment.

FBI

TRANSMIT VIA:
☐ Teletype
☐ Facsimile
☒ AIRTEL

PRECEDENCE:
☐ Immediate
☐ Priority
☐ Routine

CLASSIFICATION:
☐ TOP SECRET
☐ SECRET
☐ CONFIDENTIAL
☐ UNCLAS E F T O
☐ UNCLAS

Date   12/9/93

TO        :  DIRECTOR, FBI
             (ATTN: LATENT FINGERPRINT SECTION)

FROM      :  SAC, WMFO (70D-WF-177426 Sub QQQ) (P) (C-10)

SUBJECT   :  OPERATION COLDSNAP;
             CGR-DRUGS, CORRUPTION, BRIBERY
             OO:WMFO


        -      Enclosed for the Bureau is $225 U.S. currency taken
from a visitor at the Medium Security Facility, Lorton
Reformatory.  The visitor had just finished visiting inmate
KEITH GAFFNEY, a notorious D.C. DEPARTMENT OF CORRECTIONS
(DCDC) inmate and a secondary focus objective of captioned
case which is a Group I UCO.  These items were mailed by WMFO
to FBIHQ.

        REQUEST OF THE BUREAU:

        The Latent Fingerprint Section is requested to
examine the $225 U.S. currency in an attempt to identify
comparable latent fingerprints.  It should be noted that at
least (4) four correctional officers handled the money
following the seizure.  If latent fingerprints of value are
located on the money, comparisons are requested with the below
identified individuals, whose rolled fingerprint impressions
are maintained at the Identification Section, FBIHQ:


5-Bureau
2-WMFO

192492

70D-WF-177426

SEARCHED_____ INDEXED_____
SERIALIZED_____ FILED_____

Approved: _____    Transmitted _____    Per ___
                               (Number)      (Time)

KEITH EUGENE GAFFNEY
DCDC#: 175-481
PDID#: 241021
FBI#: 721410H

JOHN R. EVANS
DCDC#: 231-982
PDID#: 360132
FBI#: 864054HA2

For information of the Bureau, GAFFNEY was observed receiving a rolled up package from EVANS in the visiting hall at the Medium Security Facility on 12/5/93. GAFFNEY was then observed providing the rolled up package to his visitor PATRICIA ODEN. ODEN was stopped at the checkpoint following her visit. She consented to a search and the $225 which was in a roll, fell out of her underwear. Money in the possesion of incarcerated inmates is considered contraband and is punishable under Title 22 D.C. Code Section 2603. GAFFNEY is considered the major trafficker of drugs at the Lorton Reformatory and is responsible for much of the corruption and violence associated with the prison. The U.S. Attorney's Office (USAO) Eastern District of Virginia advised that ODEN's action is not a punishable offense.

The following represents the denominations and serial numbers of the $225 provided to the Latent Fingerprint Section:

| $100 | B81649333A |
|------|------------|
| $20  | B49099941G |
| $20  | G14833439E |
| $20  | B44608359F |
| $20  | D47564972A |
| $10  | B20973007C |
| $10  | D39535135A |
| $5   | E54534717D |
| $10  | B50948830E |
| $5   | F13071432C |
| $5   | L02943148D |

Request expeditious handling since case against GAFFNEY is in the grand jury stage of the investigation.

2

FEDERAL BUREAU OF INVESTIGATION
WASHINGTON, D. C. 20535

*192492*

YOUR FILE NO.
FBI FILE NO.        70D-WF-177426 SUB QQQ (P) (C-10)      1/6/94
LATENT CASE NO.     D-1763                                PERSONAL ATTENTION

TO: ADIC, WMFO

RE: OPERATION COLDSNAP;
    CGR-DRUGS, CORRUPTION, BRIBERY

REFERENCE:          Communication 12/9/93
EXAMINATION REQUESTED BY:  WMFO
SPECIMENS:          $225.00 in U.S. currency

        This report confirms and supplements information
furnished telephonically on 12/28/93.

        The requested latent print examination was conducted,
but no latent prints of value were detected.

        The specimens and one evidence bag are enclosed.

Enc. (12)

*THIS REPORT IS FURNISHED FOR OFFICIAL USE ONLY*

# FEDERAL BUREAU OF INVESTIGATION
## WASHINGTON, D. C. 20535

YOUR FILE NO.
FBI FILE NO.          70D-WF-181107          11/10/92
LATENT CASE NO.       D-7337

TO:   SAC, WMFO

RE:   KEITH GAFFNEY;
      ET AL.;
      CGR-DRUGS; CORRUPTION; BRIBERY

REFERENCE:              DEA Laboratory, Washington, D. C., cover letters
EXAMINATION REQUESTED BY:   9/11/92 and FBI, WMFO letters 9/8/92
SPECIMENS:              WMFO
                        One envelope and nineteen wrappers, Exhibit #1
                        One envelope and seven wrappers, Exhibits #1A and #1B

        Further reference is made to DEA Laboratory #W2779 and
#W2780.

        One latent fingerprint of value was developed on one
wrapper, part of Exhibit #1.  No latent prints of value were
developed on the remaining specimens.

        Inked prints for complete identifying data (including
any FBI numbers) for any individuals to be compared with the
latent print in this case should be submitted to the Latent
Fingerprint Section with appropriate correspondence reference to
LC #D-7337.

        The specimens, two identifying envelopes and a mail
label are enclosed.

Enc. (31)

THIS REPORT IS FURNISHED FOR OFFICIAL USE ONLY

NOV 1 2 1992

7-227 (8-4-92)

**FEDERAL BUREAU OF INVESTIGATION**
WASHINGTON, D. C. 20535

YOUR FILE NO.
FBI FILE NO.          70D-WF-181107                    2/23/93
LATENT CASE NO.       D-7337

TO:  SAC, WMFO

RE:  KEITH GAFFNEY;
     ET AL.;
     CGR - DRUGS, CORRUPTION, BRIBERY

REFERENCE:          DEA Laboratory, Washington, D. C., communications
                    9/24/92 and 9/28/92 and FBI, Washington
                    communications 9/8/92 and 9/10/92 and telephone call
                    11/9/92
EXAMINATION REQUESTED BY:   WMFO
SPECIMENS:
                    One envelope, Exhibit #1
                    One envelope, Exhibit #2
                    One envelope, Exhibit #2 (Sub-G)
                    One envelope, Exhibit #3

          Further reference is made to DEA Laboratory #W2781,
#W2782, #W2786 and #W2787.

          Two latent fingerprints and two latent palm prints of
value were developed on two envelopes, Exhibit #2 and Exhibit #3.
No latent prints of value were developed on the remaining
specimens.

          The latent fingerprints are not fingerprints of KEITH
E. GAFFNEY, FBI #721410H; ANTHONY PAUL HARDY, FBI #608278DA2; or
JAMES PETERSON, aka Tony Patterson, FBI #682349FA4.

          Palm prints are not contained in our Identification
Division files for these individuals.

          The latent fingerprint previously reported in this
case is not a fingerprint of GAFFNEY, HARDY or PETERSON.

          The specimens, four identifying envelopes and the mail
envelope are enclosed.

Enc. (9)          *THIS REPORT IS FURNISHED FOR OFFICIAL USE ONLY*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

IN THE MATTER OF THE APPLICATION OF )
THE UNITED STATES OF AMERICA FOR AN )
ORDER AUTHORIZING THE USE OF A PEN ) JOHN DOE A92-310
REGISTER, INCLUDING A CALLER- )
IDENTIFICATION FEATURE, ON TELEPHONE )
NUMBER (202) 563-9374 AND )
(202) 563-9375 )

## APPLICATION

Laura A. Pellatiro and Cathleen Tutty, attorneys of the United States Department of Justice, hereby apply to the court for an order authorizing the installation and use of a pen register, including a caller-identification feature, on telephone numbers (202) 563-9374 and (202) 563-9375. In support of this application they state the following:

1. Applicants are "attorney(s) for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Section 3122 of Title 18, United States Code, may apply for an order authorizing the installation and use of a pen register, including a caller-identification feature.

2. Applicants certify that the Federal Bureau of Investigation is conducting a criminal investigation of Keith Gaffney and others as yet unknown, in connection with possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances; that it is believed that the subject of the investigation is using telephone numbers (202) 563-9374 and (202)

563-9375, located at 4001 8th Street, S.E., Washington, D.C.  20032 and subscribed to Eva Marie Gaffney, in furtherance of these offenses; and that the information likely to be obtained from the pen register, including a caller-identification feature, is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses.

3.   Applicant requests that the Court issue an order for the installation and use of a pen register, including a caller-identification feature, to register the numbers dialed or pulsed from or to telephone numbers (202) 562-9374 and (202) 563-9375, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receivers in question are off the hook for incoming or outgoing calls, for a period of sixty (60) days.

4.   The applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation of the pen register, including a caller-identification feature, by the C & P Telephone Company, with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

WHEREFORE, it is respectfully requested that the court grant an order for a period of 60 days (1) authorizing the installation and use of a pen register, including a caller-identification feature, to record numbers dialed or pulsed from or to telephone numbers (202) 563-9374 and (202) 563-9375; (2) directing the C & P

Telephone Company to forthwith furnish special agents of the Federal Bureau of Investigation with all information, facilities and technical assistance necessary to accomplish the installation and use of the device unobtrusively and with minimum interference to the service presently accorded persons whose dialing or pulsings are the subject of the pen register, including the caller-identification feature; and (3) sealing this application and the court's order.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of March, 1993.


Laura A. Pellatiro
Assistant United States Attorney
Applicant


Cathleen Tutty
Assistant United States Attorney
Applicant

3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

APR 3 0 1993

IN THE MATTER OF THE APPLICATION OF   )
THE UNITED STATES OF AMERICA FOR AN    )
ORDER AUTHORIZING EXTENSION OF THE     )
USE OF A PEN REGISTER, INCLUDING       )    JOHN DOE A92-310
A CALLER-IDENTIFICATION FEATURE,       )
ON TELEPHONE NUMBER (202) 563-9374     )
AND (202) 563-9375                     )

APPLICATION FOR AUTHORIZATION TO EXTEND
THE USE OF A PEN REGISTER INCLUDING CALLER-IDENTIFICATION

Laura A. Pellatiro and Cathleen Tutty, attorneys of the United States Department of Justice, hereby apply to the court for an order authorizing the extended installation and use of a pen register, including a caller-identification feature, on telephone numbers (202) 563-9374 and (202) 563-9375. In support of this application they state the following:

1. Applicants are "attorney(s) for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Section 3122 of Title 18, United States Code, may apply for an order authorizing the extended installation and use of a pen register, including a caller-identification feature.

2. Applicants certify that the Federal Bureau of Investigation is conducting a criminal investigation of Keith Gaffney and others as yet unknown, in connection with possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances; that it is believed that the subject of the

investigation is using telephone numbers (202) 563-9374 and (202) 563-9375, located at 4001 8th Street, S.E., Washington, D.C. 20032 and subscribed to Eva Marie Gaffney, in furtherance of these offenses; and that the information likely to be obtained from the pen register, including a caller-identification feature, is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses.

3. Applicant requests that the Court issue an order extending the installation and use of a pen register, including a caller-identification feature, to register the numbers dialed or pulsed from or to telephone numbers (202) 562-9374 and (202) 563-9375, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receivers in question are off the hook for incoming or outgoing calls, for a period of sixty (60) days.

4. The applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation of the pen register, including a caller-identification feature, by the C & P Telephone Company, with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

WHEREFORE, it is respectfully requested that the court grant an order for a period of 60 days (1) authorizing the continued installation and use of a pen register, including a caller-identification feature, to record numbers dialed or pulsed from or

to telephone numbers (202) 563-9374 and (202) 563-9375; (2) directing the C & P Telephone Company to forthwith furnish special agents of the Federal Bureau of Investigation with all information, facilities and technical assistance necessary to accomplish the installation and use of the device unobtrusively and with minimum interference to the service presently accorded persons whose dialing or pulsings are the subject of the pen register, including the caller-identification feature; and (3) sealing this application and the court's order.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of April, 1993.


_____
Laura A. Pellatiro
Assistant United States Attorney
Applicant

_____
Cathleen Tutty
Assistant United States Attorney
Applicant


A True Copy, Teste:
Doris R. Casey, Clerk

By_____
          Deputy Clerk

3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

:ER : 01993

IN THE MATTER OF THE APPLICATION OF )
THE UNITED STATES OF AMERICA FOR AN )
ORDER AUTHORIZING THE EXTENDED USE ) JOHN DOE No. A92-310
OF A PEN REGISTER, INCLUDING A CALLER- )
IDENTIFICATION FEATURE, ON TELEPHONE )
NUMBER (202) 563-9374 AND )
(202) 563-9375 )

### ORDER EXTENDING TIME IN WHICH
### TO USE PEN REGISTER INCLUDING CALLER-IDENTIFICATION

This matter having come before the court pursuant to an application under Title 18, United States Code, Section 3122, by attorneys for the Government, which application requests an order under Title 18, United States Code, Section 3123, authorizing the continued use of a pen register, including a caller-identification feature, on telephone numbers (202) 563-9374 and (202) 563-9375, the court finds that the applicant has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation into possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances;

IT APPEARING that the numbers dialed or pulsed from or to telephone numbers (202) 563-9374 and (202) 563-9375, subscribed to by Eva Marie Gaffney, located at 4001 8th Street, S.E., Washington, D.C. 20032, are relevant to an ongoing criminal investigation of the specified offenses,

IT IS ORDERED, pursuant to Title 18, United States Code, Section 3123, that special agents of the Federal Bureau of Investigation, may continue to use a pen register, including a caller-identification feature, to register numbers dialed or pulsed from or to telephone numbers (202) 563-9374 and (202) 563-9375, to record the date and time of such pulsings or recordings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls for a period of sixty (60) days; and

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that Chesapeake and Potomac Telephone Company shall furnish agents of the Federal Bureau of Investigation forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the pen register, including a caller-identification feature, unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place; and

IT IS FURTHER ORDERED, that Chesapeake and Potomac Telephone Company be compensated by the applicant for reasonable expenses incurred in providing technical assistance; and

IT IS FURTHER ORDERED, that the Chesapeake and Potomac Telephone Company supply the Federal Bureau of Investigation with the subscriber information for those numbers dialed from or to telephone numbers (202) 563-9374 and (202) 563-9375, whether published or non-published; and

IT IS FURTHER ORDERED, pursuant to Title 18, United States

2

Code, Section 3123(d), that this order and the application be sealed until otherwise ordered by the court, and that copies of such order may be furnished to the Federal Bureau of Investigation, United States Attorney's Office, and applicable telephone company, and that Chesapeake and Potomac Telephone Company shall not disclose the existence of the pen register, including a caller-identification feature, or the existence of the investigation to the listed subscriber, or to any other person unless or until otherwise ordered by the court.

_____
UNITED STATES DISTRICT JUDGE

DATE: _____April 28, 1995_____

Alexandria, Virginia

A True Copy, Teste:
Doris R. Casey, Clerk

By _____
Deputy Clerk

3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

IN THE MATTER OF THE APPLICATION OF      )
THE UNITED STATES OF AMERICA FOR AN      )
ORDER AUTHORIZING THE USE OF A PEN       )   JOHN DOE A92-310
REGISTER, INCLUDING A CALLER-            )
IDENTIFICATION FEATURE, ON TELEPHONE     )
NUMBER (703) 643-1600                     )

APPLICATION

Laura A. Pellatiro and Cathleen Tutty, attorneys of the United States Department of Justice, hereby apply to the court for an order authorizing the installation and use of a pen register, including a caller-identification feature, on telephone number (703) 643-1600. In support of this application they state the following:

1. Applicants are "attorney(s) for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Section 3122 of Title 18, United States Code, may apply for an order authorizing the installation and use of a pen register, including a caller-identification feature.

2. Applicants certify that the Federal Bureau of Investigation is conducting a criminal investigation of Keith Gaffney and others as yet unknown, in connection with possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances; that it is believed that the subject of the investigation is using telephone number (703) 643-1600, located at

8400 Ox Road, Lorton, Virginia   22079 and subscribed to DC Department of Corrections, in furtherance of these offenses; and that the information likely to be obtained from the pen register, including a caller-identification feature, is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses.

3. Applicant requests that the Court issue an order for the installation and use of a pen register, including a caller-identification feature, to register the numbers dialed or pulsed from or to telephone number (703) 643-1600, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receiver in question are off the hook for incoming or outgoing calls, for a period of sixty (60) days.

4. The applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation of the pen register, including a caller-identification feature, by the General Telephone & Electronics of Virginia (GTE), with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

WHEREFORE, it is respectfully requested that the court grant an order for a period of 60 days (1) authorizing the installation and use of a pen register, including a caller-identification feature, to record numbers dialed or pulsed from or to telephone number (703) 643-1600; (2) directing the General Telephone & Electronics of Virginia to forthwith furnish special agents of the Federal Bureau of Investigation with all information, facilities

and technical assistance necessary to accomplish the installation and use of the device unobtrusively and with minimum interference to the service presently accorded persons whose dialing or pulsings are the subject of the pen register, including the caller-identification feature; and (3) sealing this application and the court's order.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of March, 1993.


_____
Laura A. Pellatiro
Assistant United States Attorney
Applicant


_____
Cathleen Tutty
Assistant United States Attorney
Applicant

3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ) THE UNITED STATES OF AMERICA FOR AN ) ORDER AUTHORIZING EXTENSION OF THE ) USE OF A PEN REGISTER, INCLUDING ) A CALLER-IDENTIFICATION FEATURE, ) ON TELEPHONE NUMBER (703) 643-1600 ) | JOHN DOE A92-310 |

APPLICATION FOR AUTHORIZATION TO EXTEND
THE USE OF A PEN REGISTER INCLUDING CALLER-IDENTIFICATION

Laura A. Pellatiro and Cathleen Tutty, attorneys of the United States Department of Justice, hereby apply to the court for an order authorizing the extended installation and use of a pen register, including a caller-identification feature, on telephone number (703) 643-1600. In support of this application they state the following:

1. Applicants are "attorney(s) for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Section 3122 of Title 18, United States Code, may apply for an order authorizing the extended installation and use of a pen register, including a caller-identification feature.

2. Applicants certify that the Federal Bureau of Investigation is conducting a criminal investigation of Keith Gaffney and others as yet unknown, in connection with possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances; that it is believed that the subject of the

investigation is using telephone number (703) 643-1600, located at 8400 Ox Road, Lorton, Virginia  22079 and subscribed to D.C. Department of Corrections, in furtherance of these offenses; and that the information likely to be obtained from the pen register, including a caller-identification feature, is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses.

3.  Applicant requests that the Court issue an order extending the installation and use of a pen register, including a caller-identification feature, to register the number dialed or pulsed from or to telephone number (703) 643-1600, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receivers in question are off the hook for incoming or outgoing calls, for a period of sixty (60) days.

4.  The applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation of the pen register, including a caller-identification feature, by the C & P Telephone Company, with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

WHEREFORE, it is respectfully requested that the court grant an order for a period of 60 days (1) authorizing the continued installation and use of a pen register, including a caller-identification feature, to record number dialed or pulsed from or to telephone number (703) 643-1600; (2) directing the C & P Telephone Company to forthwith furnish special agents of the

Federal Bureau of Investigation with all information, facilities and technical assistance necessary to accomplish the installation and use of the device unobtrusively and with minimum interference to the service presently accorded persons whose dialing or pulsings are the subject of the pen register, including the caller-identification feature; and (3) sealing this application and the court's order.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of July, 1993.

_for_ _(signature)_
Laura A. Pellatiro
Assistant United States Attorney
Applicant

_(signature)_
Cathleen Tutty
Assistant United States Attorney
Applicant

3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE EXTENDED USE OF A PEN REGISTER, INCLUDING A CALLER-IDENTIFICATION FEATURE, ON TELEPHONE NUMBER (703) 643-1600 | ) ) ) JOHN DOE No. A92-310 ) ) ) ) |

### ORDER EXTENDING TIME IN WHICH TO USE PEN REGISTER INCLUDING CALLER-IDENTIFICATION

This matter having come before the court pursuant to an application under Title 18, United States Code, Section 3122, by attorneys for the Government, which application requests an order under Title 18, United States Code, Section 3123, authorizing the continued use of a pen register, including a caller-identification feature, on telephone number (703) 643-1600, the court finds that the applicant has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation into possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances;

IT APPEARING that the number dialed or pulsed from or to telephone number (703) 643-1600, subscribed to by Keith Gaffney and other as yet unknown, located at 8400 Ox Road, Lorton, Virginia 22079, are relevant to an ongoing criminal investigation of the specified offenses,

IT IS ORDERED, pursuant to Title 18, United States Code, Section 3123, that special agents of the Federal Bureau of

Investigation, may continue to use a pen register, including a caller-identification feature, to register number dialed or pulsed from or to telephone number (703) 643-1600, to record the date and time of such pulsings or recordings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls for a period of sixty (60) days; and

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that Chesapeake and Potomac Telephone Company shall furnish agents of the Federal Bureau of Investigation forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the pen register, including a caller-identification feature, unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place; and

IT IS FURTHER ORDERED, that Chesapeake and Potomac Telephone Company be compensated by the applicant for reasonable expenses incurred in providing technical assistance; and

IT IS FURTHER ORDERED, that the Chesapeake and Potomac Telephone Company supply the Federal Bureau of Investigation with the subscriber information for those number dialed from or to telephone number (703) 643-1600, whether published or non-published; and

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(d), that this order and the application be sealed until otherwise ordered by the court, and that copies of such order may be furnished to the Federal Bureau of Investigation,

2

United States Attorney's Office, and applicable telephone company, and that Chesapeake and Potomac Telephone Company shall not disclose the existence of the pen register, including a caller-identification feature, or the existence of the investigation to the listed subscriber, or to any other person unless or until otherwise ordered by the court.

 

 

 

<u>UNITED STATES DISTRICT JUDGE</u>

 

DATE: _____

Alexandria, Virginia

3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

IN THE MATTER OF THE APPLICATION OF       )
THE UNITED STATES OF AMERICA FOR AN       )
ORDER AUTHORIZING THE USE OF A PEN        )    JOHN DOE A92-310
REGISTER, INCLUDING A CALLER-             )
IDENTIFICATION FEATURE, ON TELEPHONE      )
NUMBER (703) 670-6436                      )

## APPLICATION

Laura A. Pellatiro and Cathleen Tutty, attorneys of the United States Department of Justice, hereby apply to the court for an order authorizing the installation and use of a pen register, including a caller-identification feature, on telephone number (703) 670-6436.  In support of this application they state the following:

1.  Applicants are "attorney(s) for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Section 3122 of Title 18, United States Code, may apply for an order authorizing the installation and use of a pen register, including a caller-identification feature.

2.    Applicants certify that the Federal Bureau of Investigation is conducting a criminal investigation of Keith Gaffney and others as yet unknown, in connection with possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances;  that it is believed that the subject of the investigation is using telephone number (703) 670-6436, located at

12137 Salemtown Drive, Dale City, Virginia and subscribed to Leon Jackson, in furtherance of these offenses; and that the information likely to be obtained from the pen register, including a caller-identification feature, is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses.

3. Applicant requests that the Court issue an order for the installation and use of a pen register, including a caller-identification feature, to register the numbers dialed or pulsed from or to telephone number (703) 670-6436, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receiver in question are off the hook for incoming or outgoing calls, for a period of sixty (60) days.

4. The applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation of the pen register, including a caller-identification feature, by the General Telephone & Electronics of Virginia (GTE), with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

WHEREFORE, it is respectfully requested that the court grant an order for a period of 60 days (1) authorizing the installation and use of a pen register, including a caller-identification feature, to record numbers dialed or pulsed from or to telephone number (703) 670-6436; (2) directing the General Telephone & Electronics of Virginia to forthwith furnish special agents of the Federal Bureau of Investigation with all information, facilities

and technical assistance necessary to accomplish the installation and use of the device unobtrusively and with minimum interference to the service presently accorded persons whose dialing or pulsings are the subject of the pen register, including the caller-identification feature; and (3) sealing this application and the court's order.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of March, 1993.


Laura A. Pellatiro
Assistant United States Attorney
Applicant


Cathleen Tutty
Assistant United States Attorney
Applicant

3

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

IN THE MATTER OF THE APPLICATION OF      )
THE UNITED STATES OF AMERICA FOR AN      )
ORDER AUTHORIZING THE USE OF A PEN       )  JOHN DOE No. A92-310
REGISTER, INCLUDING A CALLER-            )
IDENTIFICATION FEATURE, ON TELEPHONE     )
NUMBER (703) 670-6436                    )

O R D E R

This matter having come before the court pursuant to an application under Title 18, United States Code, Section 3122, by attorneys for the Government, which application requests an order under Title 18, United States Code, Section 3123, authorizing the installation and use of a pen register, including a caller-identification feature, on telephone number (703) 670-6436, the court finds that the applicant has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation into possible violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute and distribution of controlled substances;

IT APPEARING that the numbers dialed or pulsed from or to telephone number (703) 670-6436, subscribed to by Leon Jackson located at 12137 Salemtown Drive, Dale City, Virginia; are relevant to an ongoing criminal investigation of the specified offenses,

IT IS ORDERED, pursuant to Title 18, United States Code, Section 3123, that special agents of the Federal Bueau of Investigation, may install and use a pen register, including a caller-identification feature, to register numbers dialed or pulsed from or to telephone number (703) 670-6436, to record the date and time of such pulsings or recordings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls for a period of sixty (60) days; and

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that General Telephone & Electronics of Virginia shall furnish agents of the Federal Bureau of Investigation forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the pen register, including a caller-identification feature, unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place; and

IT IS FURTHER ORDERED, that General Telephone & Electronics of Virginia be compensated by the applicant for reasonable expenses incurred in providing technical assistance; and

IT IS FURTHER ORDERED, that the General Telephone & Electronics of Virginia supply the Federal Bureau of Investigation with the subscriber information for those numbers dialed from or to telephone number (703) 670-6436, whether published or non-published; and

2

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(d), that this order and the application be sealed until otherwise ordered by the court, and that copies of such order may be furnished to the Federal Bureau of Investigation, United States Attorney's Office, and applicable telephone company, and that General Telephone & Electronics of Virginia shall not disclose the existence of the pen register, including a caller-identification feature, or the existence of the investigation to the listed subscriber, or to any other person unless or until otherwise ordered by the court.

_____
UNITED STATES DISTRICT JUDGE

DATE: _____

Alexandria, Virginia

3

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

December 12, 2016

Mr. Keith Eugene Gaffney
Prisoner ID #19979-101
PO Box 8500
Florence, CO  81226-8500

Re: Keith Eugene Gaffney, aka Khalif Abdul Qawi Mujahid
v. United States
No. 16-6605

Dear Mr. Gaffney:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

Scott S. Harris, Clerk