IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:95-cr-00053 (LMB) |
| | ) | |
| KEITH EUGENE GAFFNEY, a/k/a Khalif | ) | |
| Abdul Qawi Mujahid, | ) | |
| | ) | |
| Defendant - Movant | ) | |
| | ) | |

ORDER

Khalif Abdul Qawi Mujahid, formerly known as Keith Eugene Gaffney, ("Gaffney" or "movant"), proceeding pro se, has filed a motion purportedly under Federal Rule of Civil Procedure 60(b) which seeks to "vacate, correct, and set aside" his conviction and sentence. [Dkt. No. 164]. For the following reasons, the motion will be dismissed without prejudice.

On May 23, 1995, a jury found movant guilty of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1); engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848(b); aiding and abetting an assault with a dangerous weapon, in violation of 18 U.S.C. §§ 2 and 113(c); aiding and abetting an assault with intent to commit robbery, in violation of 18 U.S.C. §§ 2 and 113(b); and possession with intent to distribute hydromorphone, in violation of 21 U.S.C. § 841(a), based on his leadership of a heroin distribution ring at the now defunct Lorton Reformatory prison. See [Dkt. No. 67].[1] On November

---

[1] On direct appeal, the Fourth Circuit vacated the conviction for conspiracy under § 846, finding that "a defendant convicted under § 848 may not also be convicted for any predicate conspiracy charges proved as elements of the § 848 offense." See United States v. Gaffney, 96 F.3d 1439, 1439 n.3 (4th Cir. 1996) (quoting United States v. Butler, 885 F.2d 195, 202 (4th Cir. 1989)). Defendant's other convictions were affirmed.

19, 1996, he was sentenced to life imprisonment on the CCE charge, 10 years for each aiding and abetting charge, and 20 years for the charge of possession with intent to distribute. [Dkt. No. 119].

On July 21, 1997, Gaffney filed his first motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, [Dkt. No. 124], which the district court dismissed, [Dkt. No. 131]. He appealed this denial, but while his appeal was pending in the Fourth Circuit, he filed a second § 2255 motion to vacate his sentence. [Dkt. No. 137] On February 12, 1998, the court entered an order that directed movant to obtain authorization from the Fourth Circuit in accordance with 28 U.S.C. § 2244 to file a successive petition. He failed to do so. On April 22, 1998, the Fourth Circuit denied a certificate of appealability and dismissed movant's appeal. [Dkt. No. 140]

Almost 17 years later, on March 23, 2015, Gaffney filed another motion for a certificate of appealability, [Dkt. No. 150], which the district court denied for lack of jurisdiction, [Dkt. No. 151]. Movant appealed, and the Fourth Circuit declined to issue a certificate of appealability and summarily dismissed the appeal on July 28, 2015. [Dkt. No. 158]. On December 18, 2017, movant filed the instant motion, again asking the Court to vacate his conviction and sentence, this time invoking Rule 60(b) rather § 2255. [Dkt. No. 164].

When a prisoner files a motion characterized as brought under Rule 60(b) after filing a habeas petition, the district court must determine whether it is "functionally equivalent to a successive [habeas] application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). A court may never construe a pleading as a Rule 60(b) motion if doing so would create "inconsistency with the habeas statute or rules." Id. A motion that attacks "the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of 28 U.S.C. §§ 2244(b) and 2255(h) for successive applications. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015). In contrast, "[a] Rule 60(b) motion that

2

challenges some defect in the integrity of the federal habeas proceedings," for example, by alleging fraud on the court, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement. McRae, 793 F.3d at 397. If the motion is construed as a successive habeas petition, the district court is without jurisdiction to consider it absent authorization from a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h).

Here, movant's claims clearly challenge his underlying conviction and sentence, and should be properly construed as a successive habeas petition. Although the thrust of movant's arguments are not entirely clear, his motion is styled as a Rule 60(b)(2) motion, alleging newly discovered evidence, and appears to raise seven distinct issues, all of which attack the trial proceedings or the evidence presented against him at trial, and do not allege any defect in the prior habeas proceedings.

Movant first argues that the testimony of a co-movant at trial established that he could not have possessed the drugs that formed the basis of his conviction for possession with intent to distribute and that his conviction for that offense violated the Double Jeopardy clause because his co-defendant was convicted of the same crime. Id. at 8-11. Similarly, he claims that there was no evidence at trial that anyone "worked for [him] or sold drugs for [him]" as required to prove that he engaged in a continuing criminal enterprise. Id. at 18-23. Finally, he appears to argue that all of his convictions should have been vacated after the Fourth Circuit vacated the conspiracy conviction, but he does not explain the basis of this argument. Id. at 11-12.

Gaffney also alleges that the district court, the probation office, and the prosecution violated his Fifth and Sixth Amendment rights by attributing an inaccurate amount of drugs to him in the Presentence Report ("PSR") and during sentencing because that amount was not charged in his indictment or submitted to the jury, and that his Fifth Amendment rights were violated because the district judge who presided over his trial also signed applications for pen registers to monitor his telephone use and "gave plea bargains to several inmate government witnesses." Id. at 12-15, 17-19.

3

Finally, he argues that he has discovered new evidence that proves his innocence. Mot. at 23-30. Specifically, he contends that two FBI lab reports establish that his fingerprints were not on envelopes that the government argued at trial contained drugs that he sold. Id. at 24-25. He separately argues that three applications for pen registers to monitor his mother's telephones prove that he did not order drugs over the phone because "the government did not produce one telephone call of [movant] ordering drugs" during his trial. Id. at 26.

These types of challenges fall squarely within the ambit of 28 U.S.C. § 2255 and are properly interpreted to constitute a successive habeas petition. See Gonzalez, 545 U.S. at 530–32 (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion); Adionser v. United States, No. 2:03-cr-81, 2015 WL 11112407, at *2 (E.D. Va. Nov. 2, 2015) (finding that similar claims by a prisoner constitute a successive habeas petition). As such, movant's claims directly attack his conviction and sentence and thus do not identify a cognizable "defect in the collateral review process." See Winestock, 340 F.3d at 206.

Simply styling a motion as brought under Rule 60(b), or citing to the standards for review under that rule is insufficient to make out a true Rule 60(b) motion. Gonzalez, 545 U.S. at 531, 533. For these reasons, movant's motion is properly characterized as a successive habeas petition, which the Court lacks jurisdiction to consider absent the motion being authorized by the Fourth Circuit. 28 U.S.C. § 2255(h); Burton v. Stewart, 549 U.S. 147, 157 (2007). Accordingly, it is hereby

ORDERED that the Motion to Vacate [Dkt. No. 164] be and is DISMISSED WITHOUT PREJUDICE to permit the movant to obtain authorization from the Fourth Circuit to file a second or successive motion.

To appeal this decision, movant must file a written notice of appeal with the Clerk of this court within sixty (60) days of the date of this Order. A written notice of appeal is a short statement

4

stating a desire to appeal this Order and including the date of the Order movant wants to appeal.

Movant need not explain the grounds for appeal until so directed by the court of appeals. Movant

must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253;

Fed. R. App. P. 22(b). This Court declines to issue such a certificate for the above-stated reasons.

The Clerk is directed to forward copies of this Order to counsel of record and movant, pro

se.

Entered this 21 day of December, 2017.

Alexandria, Virginia

_____/s/_____
Leonie M. Brinkema
United States District Judge