**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:95-cr-53** |
| | ) | |
| **KEITH EUGENE GAFFNEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO SEAL AND MEMORANDUM IN SUPPORT**

Pursuant to Local Criminal Rule 49(E), the defendant, Keith Eugene Gaffney, through

counsel, moves for an Order sealing Exhibit 1 to Defendant's Motion for Compassionate

Release, filed on February 11, 2021.  A proposed Order is attached for the Court's

consideration.[1]

I.      Item to be Sealed and Necessity for Sealing

        A.      The defendant asks the Court to seal Exhibit 1 to Defendant's Motion for

Compassionate Release, filed with the Court on February 11, 2021.

        B.      Sealing is necessary in order to safeguard the privacy and safety of the defendant

in that the document contains sensitive medical information.  Counsel for the defendant has

considered procedures other than sealing and none will suffice to protect this information from

disclosure.

---

[1]     The document to be sealed will be filed with the Court non-electronically
pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures
(*see* p. 16).  Pursuant to the Local Rules, the sealed document is to be treated as sealed pending
the outcome of this motion.

II.    Previous Court Decisions Which Concern Sealing Documents

    A.    The Court has the inherent power to seal materials submitted to it.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

    B.    This Court previously has sealed documents in other cases dealing with the same or similar subject matters as the material sought to be sealed in this matter.

III.    Period of Time to Have the Document Under Seal

    A.    The material to be filed under seal would need to remain sealed permanently or until unsealed by the Court.

    Accordingly, the defendant respectfully requests that an Order be entered allowing the aforementioned exhibit to be placed Under Seal.  An appropriate Order is attached.

Respectfully submitted,

By:    ___/s/_____
       Shannon S. Quill
       Va. Bar # 76355
       Assistant Federal Public Defender
       Attorney for K. Gaffney
       1650 King Street, Suite 500
       Alexandria, Virginia   22314
       (703) 600-0800 (telephone)
       (703) 600-0880 (facsimile)
       Shannon_Quill@fd.org (email)

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2021, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

_____/s/_____

Shannon S. Quill, Esquire
Virginia bar No. 76355
Attorney for K. Gaffney
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0850 (telephone)
(703)600-0880 (facsimile)
shannon_quill@fd.org

3