IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:95-cr-53 |
| | ) | |
| KEITH EUGENE GAFFNEY, | ) | The Hon. Leonie M. Brinkema |
| | ) | |
| *Defendant.* | ) | |

**UNITED STATES' SUPPLEMENTAL RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The United States files this supplemental response in opposition to the motion for compassionate release by the defendant, under 18 U.S.C. § 3582(c)(1)(A)(i). On December 31, 2020, this Court directed the United States to provide a thorough report of the defendant's institutional behavior as well as an explanation as to why the defendant has been incarcerated at USP Florence ADMAX for more than 20 years. (ECF No. 182.) The United States now addresses each issue in turn.

As the United States provided in its original response, the defendant has not had an incident report since 2007. (ECF No. 188 at 26.) In or around March 2007, the defendant was accused of possessing an unauthorized item—namely, documents sent by his attorney. (*See* Ex. 1.) Prior to that incident, in or around February 2007, he was alleged to have used the mail without authorization. (*Id.* at 1.) In or around September 2003, he was sanctioned for giving or accepting money without authorization. (*Id.*) In or around December 2002, he was found guilty of threatening bodily harm. (*Id.* at 1-2.) He was found guilty of committing the same offense in or around January 2002. (*Id.* at 2.) In or around October 2001, he was found guilty of possessing an unauthorized item. (*Id.*) In or around February 1997, he was sanctioned for engaging in a group demonstration. (*Id.* at 3.) In or around October 1994, he was sanctioned for giving or accepting

money without authorization. (*Id.*) Finally, in or around May 1994, he was sanctioned for tattooing or self-mutilating. (*Id.*)

As to the defendant's placement at Florence ADMAX, the defendant has been designated there since March 21, 1997. Based on undersigned counsel's communication with the Bureau of Prisons ("BOP"), undersigned counsel learned that the defendant's security level is classified as High, and the defendant's custody level is classified as Maximum. According to the BOP, as a High security inmate, the defendant is generally not suited for a Medium or lower security institution. As a Maximum custody level inmate, the defendant can only be housed at a penitentiary.

The BOP explained that an inmate's custody classification is based on a range of factors, including convictions, history of violence, sentence length, and prior incarcerations. In the defendant's case, his classifications are based in part on his life sentence from D.C. Superior Court as well as his prior history of violence and sex offenses. Although defense counsel suggested that racial strife was the reason he was originally sent to Florence ADMAX (ECF No. 183 at 3-4), the BOP did not reference such strife in its explanation.

The BOP suggested that if the defendant's Maximum custody level is lowered, he could potentially be transferred to a Medium security institution. The BOP shared that it appears that the defendant is making progress in getting his custody level lowered at some point in the future. Specifically, the BOP referenced the number of classes that the defendant has taken, and the fact that he has not had any incident reports since 2007.

Although the defendant's classes and disciplinary record may lead to a transfer in the future, they are not sufficient to support compassionate release. Indeed, "Congress made clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling

reason'" for release. *United States v. Hill*, No. 3:14-cr-114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) (quoting 28 U.S.C. § 994(t)).  As set forth in the original motion of the United States, the defendant's efforts at rehabilitation do not outweigh the seriousness of his crime and his extensive criminal history.  Accordingly, the Court should deny the defendant's motion for compassionate release because he does not show a particularized susceptibility to COVID-19 in light of the fact that he received the vaccine, there are few cases of COVID-19 at his facility, and in light of his criminal history and the statutory sentencing factors.

## Conclusion

The Court should deny the defendant's motion for compassionate release.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

_____/s/_____
Marie S. Zisa
Special Assistant United States Attorney
Bibeane Metsch
Assistant United States Attorney

3

**Certificate of Service**

I certify that on March 17, 2021, I electronically filed the foregoing response with the

Clerk of Court using the CM/ECF system, which will serve all counsel of record.


By:     _____/s/_____

Marie S. Zisa
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: 703-299-3737
Facsimile: 703-299-3980
Email: Marie.Zisa2@usdoj.gov