IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA          )
                                  )
        v.                        )
                                  )    1:95-cr-53 (LMB)
KEITH EUGENE GAFFNEY,             )
                                  )
        Defendant.                )

ORDER

Defendant Keith Eugene Gaffney ("defendant" or "Gaffney")[1] previously filed a pro se

Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) ("Motion for

Compassionate Release") [Dkt. No. 179] and a Motion For This Honorable Court to Order a

Public Defender to Review the Petitioner's Compassionate Release Motion, to Determine if the

Motion Presents Extraordinary and Compelling Reasons that Warrant Appointment of Counsel,

for a Second Look at Resentencing Under the Act Which the Petitioner Asserts That It Does

("Motion to Appoint Counsel") [Dkt. No. 180]. The Court granted his Motion to Appoint

Counsel, and defense counsel has filed supplemental briefing as to his Motion for Compassionate

Release. The government opposes this motion. In his Motion for Compassionate Release,

defendant raises concerns about contracting the coronavirus ("COVID-19") at the facility where

he is presently incarcerated, United States Penitentiary, Administrative Maximum Facility in

Florence, CO ("USP Florence ADX"). Defendant states that he is at a heightened risk of severe

illness or death from COVID-19 because he is 66 years old and suffers from a decades long

hepatitis C infection, enlarged prostate that may lead to cancer, moderate asthma, macular

---

[1] Gaffney legally changed his name to "Khalid Abdul Mujahid" in 1996, but is referred to as
Gaffney throughout the pleadings and will be referred to as Gaffney in this Order.

degeneration, nuclear cataract, myopia (nearsightedness), presbyopia (farsightedness), anemia, glaucoma, and hematuria (blood in the urine). Finding that oral argument would not assist the decisional process, defendant's motion will be decided on the papers submitted. For the reasons that follow, his Motion for Compassionate Release will be denied without prejudice.

To obtain relief under § 3582(c), a defendant must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must have passed from the warden's receipt of such an appeal. Defendant states that he has "already made [his] request through the warden." Defendant submitted a written request for compassionate release to the USP Florence ADX warden on November 18, 2020, which was denied on December 3, 2020. [Dkt. Nos. 179-2, 179-3]. Accordingly, defendant has properly exhausted his administrative remedies.

In addition to meeting all administrative exhaustion requirements, an inmate seeking to modify a sentence under § 3582(c)(1)(A)(i) must also show "extraordinary and compelling reasons to warrant . . . a reduction" of the sentence. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020); see also United States v. White, No. 2:07-cr-150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020). When considering whether modification is appropriate, the Court also must consider any applicable 18 U.S.C. § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).

At the time of the defendant's conduct in the instant offense, he was incarcerated at the Lorton Reformatory as a result of his convictions in the D.C. Superior Court in 1973 for assault

with intent to rape while armed, assault with intent to kill while armed, two counts of armed robbery, two counts of rape while armed, kidnapping, carrying a pistol without a license, burglary I while armed, and armed robbery. Presentence Investigation Report ("PSIR") ¶ 56. The PSIR described the District of Columbia case as involving the following facts: On July 29, 1973, the defendant and another individual, Willie Engram, were in the home of "Victim-1," along with "Victim-2" and "Victim-3." While in Victim-1's home, the defendant and Engram held Victim-1 at gunpoint, demanded narcotics, and then shot her in the chest. Id. The defendant and Engram robbed the victims in the home, and Engram raped Victim-2. Id. The defendant and Engram proceeded to kidnap Victim-2 and rape her throughout the day. Id. They eventually took Victim-2 to the home of Victim-4, and the defendant later robbed, raped, and threatened to kill Victim-4 over the course of eight hours. Id. On November 14, 1985, defendant was originally sentenced to 75 years to life imprisonment for these crimes, but his sentence was modified to 24 years to life imprisonment. See PSIR ¶¶ 56, 60, 63. His parole eligibility date was September 18, 2004, and his maximum period of supervision is life. Id. at ¶ 63. Gaffney has not been released on parole from that sentence.

Between 1989 and 1994, while incarcerated at Lorton Reformatory serving his District of Columbia sentence, defendant ran a vast drug conspiracy using a network of visitors, correctional officers, and drug runners to receive and distribute heroin, hydromorphone, and other contraband. PSIR ¶¶ 7–40. He also caused many instances of violence as part of the enterprise. PSIR ¶¶ 20, 29, 31. On May 23, 1995, a jury convicted the defendant of conspiracy to possess and distribute heroin and hydromorphone in violation of 21 U.S.C. § 846 (Count 1), engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(b) (Count 2), assault with intent to commit robbery in violation of 18 U.S.C. §§ 2 and 113(b) (Count 5), assault with a

dangerous weapon in violation of 18 U.S.C. §§ 2 and 113(c) (Count 8), and possession with intent to distribute hydromorphone in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (Count 9).

On September 27, 1995, defendant was sentenced to life imprisonment as to Counts 1 and 2, 10 years' imprisonment for Counts 5 and 8, and 20 years' imprisonment as to Count 9, to run concurrently.[2] [Minute Entry, Sept. 27, 1995.] The Court also sentenced the defendant to a five-year term of supervised release on Counts 1, 2, and 9, and a three-year term of supervised release on Counts 5 and 8, to run concurrently to each other.[3] Id. This sentence was imposed to run consecutively to the term of imprisonment Gaffney was serving for the D.C. Superior Court convictions. The Fourth Circuit affirmed defendant's convictions except for Count 1, conspiracy to possess and distribute heroin and hydromorphone in violation of 21 U.S.C. § 846, which was vacated because of the continuing criminal enterprise conviction. On November 19, 1996, the court resentenced the defendant to concurrent terms of life imprisonment on Count 2, 10 years' imprisonment as to each of Counts 5 and 8, and 20 years' imprisonment as to Count 9. [Dkt. No. 119]. These sentences were again imposed consecutively to the District of Columbia sentence defendant was serving, and he was resentenced to a five-year term of supervised release on each of Counts 2 and 9, and a three-year term of supervised release on Counts 5 and 8, to run concurrently with each other. Id. Defendant's life sentence was imposed under the then-mandatory sentencing guideline regime that was later declared unconstitutional by the Supreme Court. Gaffney is not yet serving the sentence imposed in this district.

---

[2] Gaffney was sentenced by the Honorable James C. Cacheris, who has retired. This case has been randomly reassigned to the undersigned judge.

[3] As this Court previously held, "although defendant raises issues about the legitimacy of his conviction and sentence in his Motion for Compassionate Release, those matters have previously been fully settled and will not be further addressed by this Court." [Dkt. No. 182].

Defendant has been held at USP Florence ADX since 1997, despite recommendations in 2014 and 2015 that he be transferred to a state facility. See [Dkt. No. 195-2], Under Seal Exhibit. Defendant has had no disciplinary infractions since 2007 (which were for possessing documents sent by his attorney and using the mail without authorization), and no significant disciplinary infractions since 2003. [Dkt. No. 192]. Additionally, defendant is almost 67 years old and has been incarcerated since he was 19 years old. Although most of his medical conditions are not listed as risk factors for severe illness from COVID-19 by the CDC, defendant clearly suffers from some serious health conditions and has pointed to evidence that individuals with pre-existing hepatitis C are at higher risk of death from COVID-19. See Hossein Mirzaie et al, COVID-19 among patients with hepatitis B or hepatitis C: A systematic review, medRxiv.org (Oct. 23, 2020) https://www.medrxiv.org/content/10.1101/2020.10.22.20216317v1.full (finding that "liver enzyme abnormalities and acute hepatic injuries may be common among COVID-19 patients with HBV and [hepatitis C] co-infections").

Although the crimes for which defendant was found guilty in this court were serious, his crimes in the District of Columbia were far more serious. As such, it would be premature to address the sentence imposed in this court until the status of defendant's District of Columbia sentence is resolved. As defendant explains in his reply to the government's opposition:

> It appears that given his dual sentences, Mr. Gaffney did not previously pursue parole from his District of Columbia sentence. Earlier this month, Mr. Gaffney submitted an application for parole to the Parole Commission, and he believes that he will receive a hearing in the coming months. Separately, Mr. Gaffney may also be eligible for compassionate release from his District of Columbia sentence under a comparable District of Columbia statute, as well as relief under the District of Columbia's newly enacted Second Look Amendment Act. . . . Thus, there is strong reason to believe that Mr. Gaffney will be granted release in the near future from his District of Columbia sentence.

[Dkt. No. 195] at 6. Even if this Court were to reduce the sentence imposed in this district,

Gaffney could not be released until the District of Columbia decided how to address his sentence. Accordingly, it is hereby

ORDERED that defendant's Motion for Compassionate Release") [Dkt. No. 179] be and is DENIED WITHOUT PREJUDICE to allow defendant to renew it should the District of Columbia grant defendant's release.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 12 day of May, 2021.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

6