**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Case No. 1:95-cr-53 (LMB)** |
| | ) | |
| KEITH EUGENE GAFFNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY IN SUPPORT OF RENEWED MOTION FOR COMPASSIONATE RELEASE

Mr. Gaffney submits this reply in support of his renewed motion for compassionate release. The government raises various arguments against release, which are addressed below. In short, extraordinary and compelling reasons exist for Mr. Gaffney's early release, and such release is warranted under the § 3553(a) factors in light of the resurgence in the COVID-19 virus and the fact that he has now obtained parole from his District of Columbia sentence.

**I.      Mr. Gaffney's Age and Medical Condition Present Extraordinary and Compelling Reasons for His Compassionate Release**

The United States is once again experiencing a surge in COVID-19 cases across the country. The delta variant has proven highly contagious. *See* *https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html*. Those who are vaccinated remain vulnerable, especially individuals like Mr. Gaffney who are over the age of 60, as well as those with other risk factors. The public health community is attempting to identify the number of breakthrough cases and severe illness or deaths in such cases, but data collection and reporting are hampered by limited state public health reporting systems. *See* E. Banco, Holes in reporting of breakthrough Covid cases hamper CDC response, Politico (Aug. 25, 2021).[1] The

---

[1] Available at https://www.politico.com/news/2021/08/25/cdc-pandemic-limited-data-breakthroughs-506823.

CDC released data this week which indicate a greater risk to vaccinated individuals than was previously understood. For the period of June 20 through July 17, 2021, the CDC reported that 16% of new COVID deaths and 14% of new hospitalizations were of vaccinated people. *See* J. Millman, CDC: Delta Led to More Severe Breakthrough Cases Than Expected, Risk 10x Higher for Unvaxxed, NBC New York (Sept. 10, 2021).[2] In breakthrough cases leading to hospitalization or death, the vast majority are people aged 65 or older, like Mr. Gaffney. *See* https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html (last accessed Sept. 10, 2021) (reporting that as of September 7, 2021, 70% of breakthrough hospitalizations and 87% of breakthrough deaths are of people over age 65).

Thus, for an individual like Mr. Gaffney, detained in a prison setting, the risk from COVID-19 remains significant. At the Federal Correctional Complex at Florence, where Mr. Gaffney is held, only 51% of the staff and approximately 68% of inmates are fully inoculated, according to BOP's own numbers.[3] The incidence of breakthrough cases among the vaccinated and the waning efficacy of some of the vaccines demonstrate that this pandemic is unpredictable and far from over.

---

[2] Available at https://www.nbcnewyork.com/news/coronavirus/delta-caused-more-severe-breakthrough-covid-cases-than-expected-cdc-says/3265890/.

[3] The staff estimate derives from comparing the number of full inoculations of staff at FCC Florence (410) with the total number of staff at Florence, as reported by the BOP in its 2021 Prison Rape Elimination Act (PREA) Audit Report: Adult Prisons & Jails for FCC Florence (805). *Compare* U.S. Bur. Prisons, COVID-19 Coronavirus website, "COVID-19 Vaccine Implementation" (last visited 9/10/21) *with* PREA Audit Report – FCC Florence (April 29, 2021), *available at* https://www.bop.gov/locations/institutions/flm/flm_prea_210513.pdf (last visited 9/10/21). The inmate estimate derives from comparing the number of full inmate inoculations reported by the BOP for FCC Florence (1,615) with the current number of inmates at the Florence USP ADMAX (338), USP High (731), and FCI (1,302) (together 2,371 inmates). *Compare* U.S. Bur. Prisons, COVID-19 Coronavirus website, "COVID-19 Vaccine Implementation," *supra*, *with* USP Florence ADMAX website, at https://www.bop.gov/locations/institutions/flm/ (last visited 9/10/21); USP Florence - High website, at https://www.bop.gov/locations/institutions/flp/ (last visited 9/10/21); and FCI Florence website, at https://www.bop.gov/locations/institutions/flf/.

Beyond his risk from COVID-19, Mr. Gaffney's physical condition has deteriorated significantly after nearly 50 years in prison. He has an ongoing prostate condition which requires regular checks-ups and causes painful urination. In addition, notwithstanding a positive test for hepatitis C in 1998, it took more than twenty years – until 2020 – for BOP to provide Mr. Gaffney treatment for the disease. *See* Dkt. No. 183 at 11-12, and attached medical records. Hepatitis C has been identified as a risk factor for severe illness from COVID-19, as this Court noted in its May 12, 2021 Order denying Mr. Gaffney's original motion for compassionate release without prejudice. *See* Dkt. No. 203 at 5.[4] Furthermore, as detailed in Mr. Gaffney's renewed motion for compassionate release, he also suffers from macular degeneration, which requires regular medical intervention and can lead to permanent loss of vision if not properly treated. *See* Dkt. No. 204 at 3-4. These conditions combined present significant challenges to Mr. Gaffney's ability to care for himself in a prison setting, which the U.S. Sentencing Commission itself recognizes as a basis for compassionate release. *See* U.S.S.G. § 1B1.13, App. Note 1 (a)(ii)(III).[5] Indeed, alarming in its own right, the BOP's 20-year delay in treating Mr. Gaffney's hepatitis C also speaks to systemic failures in the provision of health care to inmates within the BOP. Mr. Gaffney will be much better positioned to obtain needed medical treatment for his conditions if released to the community.

In sum, after nearly 50 years in custody, Mr. Gaffney's continuing risk from COVID-19, as well as his chronic, ongoing health conditions which impair basic human functions, present extraordinary and compelling reasons warranting relief under 18 U.S.C. § 3582(c)(1)(A).

---

[4] Mr. Gaffney's February 11, 2021 Motion for Compassionate Release provided greater detail regarding hepatitis C as a risk factor for COVID-19, and cited multiple cases in which courts granted compassionate release to defendants with hepatitis C. *See* Dkt. No. 183 at 10-11.

[5] To be sure, in *United States v. McCoy*, the Fourth Circuit made clear that the current Sentencing Commission policy statement in U.S.S.G. § 1B1.13 does not limit application of compassionate release pursuant to 18 U.S.C. § 3582(c). *See McCoy*, 981 F.3d at 283.

II.     **The Sheer Length of Mr. Gaffney's Guideline-Mandated Life Sentence Also Presents An Extraordinary and Compelling Reason Warranting Compassionate Release**

In *United States v. McCoy*, the Fourth Circuit affirmed a grant of early release to a defendant based not upon susceptibility to COVID-19 or other medical reasons, but rather upon the "sheer and unusual" length of the defendant's sentence, and the "gross disparity" between the sentence he received and the one he would receive under today's law, which, the Court agreed, constituted "extraordinary and compelling reasons" to grant the defendant's release. *United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020). The Court's holding in *McCoy* is directly on point in this case.

As previously addressed in Mr. Gaffney's first motion for compassionate release, Dkt. No. 183, Mr. Gaffney was sentenced to life imprisonment – first in 1995, and again in 1996, after appeal – for drug distribution crimes committed at Lorton Reformatory at a time when the Sentencing Guidelines were mandatory, not advisory. With a final offense level of 44 (*see* PSR, Worksheet A), the Sentencing Guidelines directed a life sentence, and the Court imposed a life sentence, as it was required to do. It was an extraordinary sentence for the offense of conviction when it was imposed, and, indeed, it is an extraordinary sentence when compared to the sentences received for the most serious crimes such as homicide. *See United States v. Bryant*, No. 95-CR-202-CCB-3, 2020 WL 2085471, at *5 n.8 (D. Md. Apr. 30, 2020) ("According to statistics released by the United States Sentencing Commission for fiscal year 2018, the national average sentence for murder was 291 months, and the Fourth Circuit average was 327 months").[6]

---

[6] Also worthy of comparison are data regarding federal sentences for sexual abuse (a category which does not include child pornography offenses). According to the U.S. Sentencing Commission's Interactive Data Analyzer, for years 2018 through 2020, the median length of imprisonment for sexual abuse crimes is 200 months. *See* https://ida.ussc.gov/analytics/saw.dll?Dashboard.

Importantly, if Mr. Gaffney were sentenced today, not only would his Sentencing Guideline "range" be advisory pursuant to the Supreme Court's 2005 decision in *United States v. Booker*, but Mr. Gaffney's applicable Sentencing Guideline range itself would be lower, and the Sentencing Guidelines would no longer direct a life sentence. In 2014, the U.S. Sentencing Commission adopted Amendment 782 to the Sentencing Guidelines, effective November 1, 2014, which reduced by 2 levels the offense levels in U.S.S.G.'s § 2D1.1 Drug Quantity Table. *See* U.S.S.G. App. C, Amend, 784 (Nov. 1, 2014). Thus, under Amendment 782, Mr. Gaffney's drug quantity level, and accordingly, his final offense level, would drop by 2 levels, from level 44 to level 42, thereby reducing his applicable guideline "range" from life imprisonment to 360 months to life. Mr. Gaffney has been in custody for more than 25 years since his 1995 conviction (equivalent to a 30-year sentence with good time credit), albeit serving his D.C. sentence from which he received parole in July 2021. However, as previously noted, Mr. Gaffney was eligible for parole in the District of Columbia many years ago, but did not apply until recently due to the dual sentences he faced as well as a lack of legal representation.

In short, the sheer and unusual length of the sentence that Mr. Gaffney received in this case more than 25 years ago, coupled with the total length of time that he has been in continuous custody – nearly 50 years, his entire adult life – present extraordinary and compelling reasons warranting his early release. *See United States v. Scruggs*, 3:99-cr-200-REP, Dkt. No. 241 (July 22, 2021) (granting compassionate release to defendant sentenced to life imprisonment for role in carjacking death, stating "if the guidelines had not been mandatory at the time of [defendant's] sentencing, the Court would not have imposed a life sentence").

There can also be little doubt that Mr. Gaffney has proven himself a worthy candidate for early release based on his record within the BOP. While there is no dispute regarding the

5

seriousness of Mr. Gaffney's prior criminal conduct, he has dedicated himself to rehabilitation over his last decades in BOP.  He has not had a single disciplinary issue in nearly 15 years, despite being detained under the harshest conditions of confinement within the BOP at Florence ADX. *See* Dkt. No. 183 at 19-20; Dkt. No. 195 at 5-6 (detailing Mr. Gaffney's BOP record).

Mr. Gaffney seeks the opportunity to live the remaining years of his life outside the walls of a prison, and to forge new relationships with his living family members.  He seeks relief from a draconian sentence that he undoubtedly would not receive today.  He asks this Court to grant early release and recommend that he serve the final 6 months of his sentence in a federal halfway house (Residential Re-entry Center) to ease his transition to the community.  Alternatively, the Court could also order his release, and modify the terms of his supervision to include a condition that he reside at a Residential Re-entry Center for a period of 6 months.  It is respectfully submitted that compassion is called for so that Mr. Gaffney may have the chance to live a life outside of prison.

### CONCLUSION

For the reasons stated  above, and in Mr. Gaffney's motion for compassionate release filed on February 11, 2021 and his renewed motion for compassionate release filed on August 24, 2021, Mr. Gaffney respectfully requests that this Court grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

KEITH EUGENE GAFFNEY

_____/s/_____
Shannon S. Quill, Esq.
Virginia Bar No. 76355
Assistant Federal Public Defender
Attorney for K. Gaffney
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0850 (T)
Shannon_Quill@fd.org (e-mail)

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of September, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

_____/s/_____
Shannon S. Quill, Esq.
Virginia Bar No. 76355
Assistant Federal Public Defender
Attorney for K. Gaffney
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0850 (T)
Shannon_Quill@fd.org (e-mail)
